**UNITED STATES of America,**
**Appellee and Plaintiff,**
v.
**Ascencion VASQUEZ–LOPEZ,**
**Appellant and Defendant.**
**No. 21935.**

United States Court of Appeals
Ninth Circuit.
Sept. 9, 1968.

Willard F. Jones, (argued), Los Angeles, Cal., for appellant.

Michael D. Nasatir, (argued), Asst. U. S. Atty., Wm. M. Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Criminal Division, Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and KILKENNY, District Judge.

## Decision

PER CURIAM:

Here at the time of arrest for illegal possession of marijuana some warning of constitutional rights was given the defendant. An agent testified first on direct examination as to the warning. The warning seems to substantially comply with the requirements of Miranda v. State of Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694.

■ But on cross examination, the agent (who had given the warning in Spanish) was asked to state what were the Spanish words used. He did so on the stand. These words, when translated, seem to lack the element of a right to an attorney "now" before speaking. We are not at all sure that the agent gave a complete answer. The point which concerns us could have been cleared up on redirect examination, but we must take the record as we find it. Under the circumstances, we believe that the defendant, if he wants it, is entitled to a new trial.

■ Defendant also has a good point about remarks made in the trial court by the trial judge wherein he said those who stood jury trial were subjected to heavier penalties. Defendant got a jury trial. He has served his sentence. The remark was wrong, but we do not believe it requires reversal on the peculiar facts of this case.

It appears that since completing his sentence defendant, a Mexican citizen, has been put back in Mexico. Under these circumstances, we believe that he is only entitled to a reversal and an order for a new trial if he agrees to and does submit himself to the jurisdiction of the United States.

Thus, the case is remanded to the Central California District Court. If defendant moves for a new trial, offering to submit himself to the jurisdiction of the court, the court should grant a new trial. If the defendant is willing, we have some confidence that the district court can make appropriate orders to permit the defendant to come into the United States for the limited purpose of being tried again.

A motion for a new trial should be made within a reasonable time, which we fix as 90 days after receipt of the mandate by the district court. Counsel for appellant and the government should take steps immediately to notify the appellant of this decision and report the results of their effort to the trial court.

Remanded for proceedings consistent with the above opinion.