**Alexander J. W. Copelin v. Lillian E. Calkins, Administratrix.**

**Gen. No. 12,394.**

1. DEFICIENCY DECREE—*when order directing assignment of, to owner of equity, erroneous.* A provision in a decree of foreclosure providing for the assignment of a deficiency decree after its satisfaction to the owner of the equity, is erroneous, where the facts are as follows: A first mortgage, a second mortgage, a decree, a sale under the first mortgage, a deficiency decree on the first mortgage, a decree finding the second mortgage a lien after the satisfaction of the first mortgage, and a series of grantees of the land involved. Under such facts, regardless of the assumption of the mortgage debts, the land is, primarily, subject to the payment of the liens against it, and after the first mortgage has been discharged and the deficiency decree satisfied from rents collected by the receiver in possession, the holder of the second mortgage is entitled to the balance of the rents, if any, in the hands of such receiver and to the extinguishment of the deficiency decree rather than the keeping of the same alive in favor of the owner of the equity.

Foreclosure proceeding. Appeal from the Circuit Court of Cook county; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed and remanded with directions. Opinion filed January 15, 1907.

Statement by the Court. Sophia Anderson filed her bill of complaint in the Circuit Court to foreclose a trust deed in the nature of a mortgage executed by Elizabeth Wilcox and husband to Peabody, trustee,

dated June 2 and recorded June 3, 1898, conveying certain real estate in Chicago, to secure her note for $5,500, which was held and owned by complainant. The trust deed provides for the appointment of a receiver of the mortgaged premises in case of foreclosure, and that such receiver may continue in office until the end of the redemption period, and out of the rents collected pay any deficiency decree, etc. August 4, 1898, the mortgagors conveyed said premises to appellant Copelin, who assumed and promised to pay the mortgage debt. January 12, 1901, Copelin conveyed said premises to Christine Burden, who assumed and agreed to pay said mortgage debt. She gave to Copelin, for part of the purchase money, her note for $500, payable two years after date, and with her husband executed a trust deed conveying said premises to Baird, trustee, dated January 12 and recorded January 18, 1901, to secure said note. Christine Burden and her husband conveyed said mortgaged premises to John V. Calkins by deed dated November 1, 1901, and containing the following provisions:

"This conveyance is made subject to trust deed dated June 2, 1898, recorded June 3, 1898, in Book 6338, page 74, made by Henry M. Wilcox and wife to Francis B. Peabody, to secure $5,500, due five years after date, with interest; also subject to a trust deed dated January 12, 1901, and recorded in said Cook county on January 18, 1901, in Book 7355, page 97, made by Christine N. Burden to Lyman Baird to secure note for $500, due two years after date with interest."

The bill sets out the facts above stated and avers that the property is scant security.

The answer of Copelin sets up the Burden trust deed, avers that he is the owner of the note thereby secured, that the same is due and unpaid, and asks that in the event of sale any surplus that may remain after payment of the amount due complainant be paid to him.

Calkins filed an answer denying most of the allegations of the bill.

The decree of foreclosure and sale entered December 9, 1903, finds the complainant has a first lien for $6,141.41; that Copelin assumed the same, and is personally liable therefor; that Copelin has a second lien for $531.80, and orders that the mortgaged premises be sold, etc. The property was sold under the decree January 5, 1904, for $147.67 less than enough to pay the amount so found due complainant. January 19, 1904, the sale was confirmed, a deficiency decree in favor of complainant against Copelin entered for $147.67 and a receiver appointed to take possession of said premises, collect rents and hold the sums so collected until the further order of the court. The receiver collected up to November 18, 1904, $285 of rents, and on that day filed his report. Calkins filed exceptions to the receiver's report, objecting to certain items of expenditures, to the receiver's fees, and asking that in the event the court should order the receiver to pay the deficiency decree to complainant, that he be subrogated to the rights of complainant. By an order entered December 13, 1904, the court sustained the exceptions to the expenditures by the receiver, to the allowance of receiver's fees, and ordered that the receiver, upon presentation to it of an assignment by the complainant to Calkins of the deficiency decree, and the delivery of said assignment to Calkins, pay the complainant the amount of said deficiency decree, and that thereupon Calkins "be subrogated to all the rights of complainant with reference to said decree, and shall have the right to issue an execution thereon, etc.," and that the receiver pay to Calkins the difference between the amount due on the deficiency decree and the $285 collected by the receiver, and that upon compliance with said order the receiver be discharged.

At the same term at which the above order was entered Copelin, upon notice to complainant and Calk-

ins, filed his motion in writing to vacate and set aside said order, and the court ordered that said motion be entered and continued to the next term of the court, with leave to Copelin to file petition and affidavits in support of said motion. Affidavits and counter-affidavits were filed, and the deed of Burden to Calkins put in evidence.

January 3, 1905, the receiver was upon its own motion discharged. The order discharging the receiver recites that Copelin and Calkins were present and heard by the court, and provides that said order shall not affect the rights of Copelin as against Calkins.

February 1, an order was entered that Copelin's motion to set aside said order of December 13 be overruled. From this order Copelin prosecutes this appeal. After the appeal was perfected John V. Calkins died and the appeal was revived against Lillian E. Calkins, his administratrix.

A. H. PIERSON and BOLEN & STEWART, for appellant.

SAMUEL B. KING, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The order complained of was entered December 13, 1904, a day of the November term. December 17, a day of the same term, defendant Copelin filed his motion in writing to set aside said order, and his motion was entered and continued to the next term, with leave to file petition and affidavits in support thereof. This motion was continued by operation of law from the December term to the January term, so that at the January term the court had jurisdiction to set aside the order of December 13, and if that order was improper Copelin's motion to set it aside should have been granted. At the January term the court denied Copelin's motion to set aside said order, and his ap-

peal from that order brings before us the question of the propriety of the order which the court so refused to set aside.

Copelin became personally liable for the debt secured by the Peabody trust deed. He conveyed to Christine Burden, who assumed and became personally liable for said debt, and she with her husband executed a second trust deed conveying said premises to Baird to secure her note for $500 given to Copelin for a part of the purchase money. The Burdens conveyed the mortgaged premises to Calkins, subject to both of said trust deeds.

The fact that Copelin was personally liable to the complainant for the debt secured · by the Peabody trust deed, is immaterial as between Copelin and Calkins, nor do we deem it material to inquire whether Calkins was personally liable to complainant for the debt secured by the Peabody trust deed, or to Copelin for the debt secured by the Baird trust deed. By the clauses inserted in the deed of the Burdens to Calkins the conveyance to him was made subject to both of said trust deeds. This made the land the primary fund for the payment of the debts secured by said trust deeds. Comstock v. Hitt, 37 Ill. 546; Palmer v. Lilly, 51 *id*. 331; Fowler v. Fay, 62 *id*. 375.

As between Copelin and Calkins the land was therefore the primary fund for the payment of the debts secured by both of said trust deeds.

Calkins was a defendant to the bill to foreclose the Peabody trust deed, in which cause Copelin set up the Baird trust deed in his answer. The decree in that cause finds that by the terms of the Peabody trust deed the grantors therein, for themselves and all persons claiming through or under them, consented that in case of foreclosure a receiver should be appointed, who should continue in office during the redemption period, and should apply the rents collected during that period upon any deficiency decree that might be rendered; and also finds that Copelin has a second

lien on said premises for $531.80. The receiver collected during the redemption period $285 of rents.

Under the trust deed, the decree of foreclosure, and the order appointing a receiver, the complainant was entitled to have her deficiency decree paid out of the rents collected by the receiver. Under the conveyance to Calkins the land was made the primary fund for the payment of the mortgage debt, and of the decree in which such debt was merged. Calkins had no right under the facts of this case, upon the payment of the deficiency decree, to have the same assigned to him, or to be subrogated to the rights of complainant under said decree against Copelin. So much of the order of December 13, 1904, as provides that the complainant shall assign his deficiency decree to Calkins, that upon such assignment the receiver shall pay complainant the amount of said decree, and that thereupon Calkins shall be subrogated to the right of complainant under said decree as against Copelin, was improper and should have been set aside. The property sold for $147.67 less than the amount of the first lien under the Peabody trust deed, leaving Copelin's second lien for $531.80, under the Baird trust deed, then wholly unpaid. The Burdens, the makers of the Baird trust deed, conveyed the premises to Calkins subject to both trust deeds. The receiver collected rents during the redemption period amounting to $285. We think that under the facts and circumstances of this case the amount of the rents so collected remaining after the payment of complainant's deficiency decree should have been paid to Copelin to apply upon the decree. Haas v. Chicago Building Soc., 89 Ill. 498-507; First Nat'l Bank v. Ill. Steel Co., 174 id. 140; Roach v. Glos, 181 id. 440; Schaeppe v. Bartholomae, 217 id. 105.

Copelin did not appeal from the order directing the receiver to pay the balance of rents to Calkins. February 1, 1905, the receiver paid such balance of rents to Calkins and was discharged, and the propriety of

that payment cannot now be questioned by Copelin. The order appealed from will be reversed and the cause remanded to the Circuit Court, with directions to set aside said order of December 13, 1904, and to enter an order in accordance with the views above expressed.

*Reversed and remanded with directions.*