UNITED STATES of America, Appellee,

v.

**Joseph Anthony PELOSE,
Defendant-Appellant.**

**No. 950, Docket 76–1025.**

United States Court of Appeals,
Second Circuit.

Argued April 23, 1976.

Decided July 12, 1976.

42

Jacob Laufer, Sp. Atty., U.S. Dept. of Justice, Washington, D.C. (Robert B. Fiske, Jr., U.S. Atty., S.D.N.Y., Lawrence B. Pedowitz, Asst. U.S. Atty., New York City, of counsel), for appellee.

Patrick M. Wall, New York City (Wall & Beck, New York City, Stuart J. Beck, of counsel), for defendant-appellant.

Before MOORE, FEINBERG and GURFEIN, Circuit Judges.

MOORE, Circuit Judge:

Joseph Pelose ("appellant") appeals from a judgment of conviction entered on January 8, 1976, in the United States District Court for the Southern District of New York after a six-day trial before a jury.

Appellant was charged in a nine-count information filed on March 14, 1975, with having wilfully failed to file federal tax returns in violation of 26 U.S.C. § 7203,[1] on behalf of three corporations of which he was principal owner and president. The judgment of conviction was on all nine counts. Appellant was sentenced to concurrent terms of one year's imprisonment on each count, and to a $5,000 committed fine on each count.

## I.

### FACTUAL BACKGROUND

The underlying facts may be briefly summarized. Appellant was president and principal owner of three corporations: Jeath, Inc., Saw Mill Truck Rental, Inc., and the H. V. Development Corporation. The prosecution maintained that over a nine-year period beginning in 1965, appellant wilfully failed to file federal tax returns for these corporations. Due to a six-year statute of limitations, the information charged violations dating back only to 1968 —for which the effective filing date would have been March 15, 1969. Specifically, H. V. Development Corporation (incorporated in 1966) failed to file in 1968–1971 inclusive; Saw Mill Truck Rental, Inc. (incorporated in 1964) failed to file in 1968 and 1969; Jeath, Inc. (incorporated in 1963) failed to file in 1969–1971 inclusive.

There was strong evidence presented at trial that appellant was aware of the failure to file, and appellant conceded that none of the returns in question had, in fact, ever been filed. Appellant relied for his defense upon his ill health: injuries from an accident and a subsequent serious illness, both of which had necessitated surgery (in 1967, 1968, and 1970). Appellant's last operation left him without speech for some three months. However, appellant nevertheless remained active in his business affairs throughout the period of his illness.

---

1. Section 7203 of Title 26 reads as follows:
   "Any person required under this title to pay any estimated tax or tax, or required by this title or by regulation made under authority thereof to make a return (other than a return required under authority of section 6015), keep any records, or supply any information, who wilfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution."

The trial court charged the jury on the question of wilfulness in part as follows:

"As you know, none of these returns have [sic] ever been filed. The information in this case was filed March 14, 1975. That is, the criminal action was commenced March 14, 1975.

The point I wish to make to you now is this. Let us suppose for purposes of illustration that because of the circumstances of illness, reliance on the accountant or because of some other reason you find that the government has failed to prove that Pelose had the requisite wilfulness back in 1969 and 1970 because perhaps he believed that Cole had obtained extensions. I am not saying that you should find this or not find this; I am simply trying to illustrate a point.

Let us further suppose for purposes of illustration that you find that by a certain time later he was—by 'he' I mean Pelose—sufficiently recovered from his illness to handle business affairs, and because of a notice from the IRS or the institution of an investigation by the IRS, or for some other reason, he was at this later time no longer relying on Cole for having obtained extensions and knew that such extensions had not been obtained. Again I repeat that I am not saying that this is what you should find or not find. I am trying to illustrate a point which I think will become clear.

The point is, if you should find in the course of your deliberations that at such later time Pelose wilfully failed to file past returns after learning of the deficiency and the lack of extensions and failed to file the current returns due in 1972 or thereafter, then he would be guilty of wilful failure to file these returns, if you found the wilfulness existent at such later time under circumstances of the kind I have mentioned to you." Appendix at 48a–49a.

Appellant apparently took exception to this portion of the court's charge.[2] However, he failed to specify as grounds for his objection those points which he raises on appeal, namely, that the charge created a continuing offense contrary to § 7203 and *Toussie v. United States,* 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970), and that the charge took him by surprise and amounted to an impermissible amendment of the information. Under Rule 30, F.R. Crim.P.:

"No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

Since appellant did not voice the proper objections—and thereby afford the district court an opportunity to correct any possible error—his objections have been waived and the court's instruction will be scrutinized for plain error only. *See United States v. Johnson,* 516 F.2d 209, 212–13 (8th Cir. 1975), *cert. denied,* 423 U.S. 859, 96 S.Ct. 112, 46 L.Ed.2d 85. Finding no plain error in the district court's charge, we affirm.

## II.

### THE CHARGE DID NOT CREATE A CONTINUING OFFENSE IN VIOLATION OF § 7203 OR TOUSSIE v. UNITED STATES.

The primary appellate issue centers around alleged error in the court's charge with respect to "wilfully". Appellant contends that the crime is for wilful failure to file "at the time or times required by law", *i. e.,* March 15th, and, as asserted in his brief, "the crime of wilfully failing to file a return is committed or not on the due date". Appellant's brief at 12. If, for any reason acceptable to the jury—such as ill health or misconception as to the due date—appellant failed to file on or before the 15th of March, he argues, such failure

---

**2.** Among the exceptions taken to the court's charge was the following:

"I respectfully take exception to the Court's statement under the time example which

amounts to a directed verdict of guilty, I most respectfully submit." Appendix at 55a.

could not have been wilful—hence, no crime was committed. And if the next day, week or month thereafter appellant became fully aware of his delinquency, his wilful failure to seek to remedy the oversight would not (according to his theory) relate back to March 15th. The court's charge to the effect that subsequent events showing Pelose's realization of his failure could be regarded as evidence of wilfulness was therefore, in appellant's view, a misstatement of the law. We disagree.

Appellant's reliance on *Toussie v. United States, supra,* is entirely misplaced. In *Toussie,* the lower court affirming a conviction for failure to register for the draft, held that section 3 of the Universal Military Training and Service Act (and the Presidential proclamation issued thereunder) created a continuing offense for failing to register ·for the draft, prosecution for which would not be barred by the applicable six-year statute of limitations until six years after the *last* possible date on which the continuing offense could be committed; in *Toussie's* case, this latter date was his twenty-sixty birthday, after which registration was no longer required by law. The Supreme Court reversed, dismissing the indictment as time-barred on the ground that section 3 did not, in fact, create a continuing offense.[3]

Toussie's duty to register for the draft arose at the time of his eighteenth birthday in June of 1959. Unlike the present case, where appellant argues that *no* crime was committed (due to an absence of wilfulness) at the time filing was due, it was clear that the petitioner-defendant in *Toussie* had committed a crime which was complete in all its elements on the relevant day in June, 1959. The only question in *Toussie* was whether the crime, *once completed,* should be held to have been "re-enacted" on each succeeding day until the petitioner-defendant's twenty-sixth birthday, thus effectively keeping the statute of limitations in a state of perpetual forward motion until that fateful birthday. In contrast, the present case raises no statute of limitations question whatsoever since, irrespective of whether wilfulness is determined as of the date filing was due or as of the later date of appellant's improved health, prosecution was clearly commenced within six years. Instead, the issue before us is whether the jury could properly determine the question of wilfulness on the basis of wilful behavior which occurred *after* March 15, 1969.

Under appellant's theory of § 7203, if an individual lacks the requisite state of mind on March 15 *only,* he is automatically immunized from criminal penalties for failure to file *regardless* of the wilful intent that is actually responsible for the non-filing. Thus, if a corporation president were prevented from filing on March 15 due to ill health, or supervening weather conditions, or simple lapse of memory, and if on the following day and thereafter he wilfully determined to persist in non-filing, he would nonetheless be innocent of wilful non-filing.

Acceptance of appellant's position would render § 7203 completely ineffective: any thinking criminal could evade prosecution

---

3. The rationale for the Court's decision is instructive. Writing for the majority, Mr. Justice Black stated that:

"The doctrine of continuing offenses should be applied in only limited circumstances since, as the Court of Appeals correctly observed in this case, '[t]he tension between the purpose of a statute of limitations and the continuing offense doctrine is apparent . . . .' . . . . *These considerations do not mean that a particular offense should never be construed as a continuing one.* They do, however, require that such a result should not be reached unless the explicit language of the substantive criminal statute compels such a conclusion, *or the nature of*

the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." 397 U.S. at 115, 90 S.Ct. at 860 (emphasis supplied).

Using this test, the court concluded that the argument for construing section 3 as a continuing offense was not sufficiently compelling to warrant that result:

"The statute admittedly might be construed as the Government urges, but in light of the history of the draft laws and the principle that continuing offenses are not to be too readily found, we do not feel this particular Act incorporates such a doctrine." 397 U.S. at 116, 90 S.Ct. at 861.

for wilful non-filing by taking advantage of this technical construction of wilfulness to render himself appropriately *non compos mentis* (and, hence, immune from prosecution) on the Ides of March. Recalling Mr. Justice Black's words in *Toussie v. United States, supra,* we believe that his is clearly a case in which "the nature of the crime involved is such that Congress must assuredly have intended that it be treated . . ." [4] as encompassing the type of wilfulness embodied in the district court's charge. Knowing the eternal certainty of death and taxes, and the importance of the latter to our economic well-being, we find it unthinkable that Congress would have decided to impose criminal penalties for deliberate non-filing of tax returns and yet passed a statute rendering evasion so easy to achieve. Noting that our construction of § 7203 has been adopted by other courts,[5] we conclude that there was no plain error and that the district court's charge was a proper statement of the applicable law.

### III.

### THE INFORMATION WAS NOT IMPROPERLY AMENDED.

Appellant, conceding that an information may be amended at any time before verdict unless a different offense is charged or the accused's rights are substantially prejudiced (*see* appellant's brief at 13), argues that his rights were substantially prejudiced because the so-called constructive amendment of the charges against him took him by

surprise. This claim is entirely belied by the record.

 Assuming, *arguendo,* that the information was effectively amended, the record shows that appellant himself introduced extensive testimony at trial respecting his ill health and alleged incapacity during the months and years following the various March 15th deadlines. Moreover, appellant's counsel was informed of the court's decision to instruct the jury as it did on wilfulness [6] and counsel not only did not object to the charge, but apparently voiced approval of it.[7] In short, there is nothing whatsoever in the record which suggests that appellant was in fact taken by surprise and deprived of the opportunity to prepare a defense as a result of the court's charge on wilfulness.

To the extent that any constructive amendment of the information may have occurred, such amendment did not prejudice appellant or substantially affect his right to a fair trial.[8] *See* Fed.R.Crim.P. 7(e).

Accordingly, the judgment of conviction is affirmed.

---

**4.** 397 U.S. at 115, 90 S.Ct. at 860.

**5.** *See, e. g., United States v. Andros,* 484 F.2d 531 (9th Cir. 1973).

**6.** Trial transcript at 525.

**7.** Trial transcript at 528–9.

**8.** Appellant's claim that the court's charge worked a "variance" in the charges against him (appellant's brief at 6), is based upon a common misconception of the law. As noted in *Gaither v. United States,* 134 U.S.App.D.C. 154, 413 F.2d 1061, 1071 (1969):

"An *amendment* of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them. A *variance* occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." (Emphasis in original).

Appellant has not alleged that the evidence presented by the government took him by surprise. Appellant's challenge is directed at the charge to the jury only. Since the court's charge is not considered to be evidence presented at trial, the doctrine of variance has no relevance to this case. *Compare United States v. D'Anna,* 450 F.2d 1201, 1204 (2d Cir. 1971).