ROBERT P. ANDERSON, Circuit Judge,
dissenting:
I dissent. This case was tried before a jury which returned a verdict of guilty against the accused, Morales. There was ample evidence to support that verdict. No point has been raised on appeal that there was an insufficiency of proof. The majority suggests that the evidence for conviction was not “overwhelming” because the Government offered no direct evidence, such as an admission by the accused or testimony by knowledgeable witnesses, that she had been told or was otherwise aware of what the suitcase contained. But a verdict of guilty is not rendered nugatory because of the absence of that kind of proof. The Government is entitled to every reasonable inference that may be drawn from the evidence.
The jury could have inferred that the accused refused to disclose the identity of the person who gave her the suitcase in Chicago because he knew and she knew that it was her job to transport the contraband. It could infer that she knew that she was being paid $1,000, not simply to carry a bag of dirty clothes from Chicago to New York, but for taking the risk of transporting illicit goods. There were, moreover, evidences of her conscious avoidance of *778 knowledge and of her consciousness of guilt, e. g., her express assertion to the Government agents that she was entirely unconcerned with the contents of the suitcase, and her use of a false name and false documents as purposeful steps in the course of committing the offense charged.
The Government’s evidence also showed that the accused opened the suitcase on at least one occasion to place a blouse in it and that the heroin in the pouches gave off a noticeable vinegar-like odor. There was also the testimony that the packages in the suitcase did contain heroin. These are circumstances from which the jury could have reasonably inferred, and did infer, that the appellant knew the suitcase contained narcotics. Cf. United States v. Olivares-Vega, 495 F.2d 827 (2d Cir.), cert. denied, 419 U.S. 1020, 95 S.Ct. 494, 42 L.Ed.2d 293 (1974); United States v. Joly, 493 F.2d 672 (2d Cir. 1974).
The majority, in testing the reasonableness of an inference drawn by the jury, considered only one relevant fact and concluded that that fact alone was insufficient to support the inference. It ignored, however, all other relevant facts in the case which the jury must have relied upon. For example, the majority said,
“Thus her use of an alias was as consistent with the defense theory that she was a ‘mule,’ ignorant of the nature of the contraband she carried, as with the prosecution’s contention that she was fully aware of the contents of the two opaque packages in the suitcase.” (Emphasis added.)
But in the context of the other relevant circumstances, above mentioned, the jury had complete justification and adequate grounds to draw the reasonable inference of guilt.
With respect to the legal issues raised on appeal, the majority correctly points out that, at trial, defense counsel made no objection to the district court’s charge to the jury and that none of the allegedly erroneous instructions, in itself constituted plain error. See Rule 52(b), F.R.Cr.P.; United States v. Pelose, 538 F.2d 41 (2d Cir. 1976). Yet, the majority concludes that “the cumulative effect of these errors was to deprive appellant of a fair trial on the issue of whether she knew that her suitcase contained drugs.” It has been the practice of this court to invoke the plain error rule sparingly, see United States v. Moore, 571 F.2d 76 (2d Cir. 1978); United States v. Indiviglio 352 F.2d 276 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966). This case does not present a situation where the charge as a whole had either the effect of removing an essential element of the offense from the jury’s consideration, United States v. Singleton, 532 F.2d 199 (2d Cir. 1976); or was so defective and deficient that the guidance given the jury did not enable it to fulfill its function properly, United States v. Clark, 475 F.2d 240 (2d Cir. 1973).
The majority, however, accepts appellant’s contention that the trial judge’s charge was deficient in two respects: first, that he erroneously instructed the jury that, if it found that appellant had fabricated a false document, it could consider this as probative of her guilt instead of her “consciousness of guilt;” and, second, that he failed to balance his instruction on the inferences that could be drawn from her “conscious avoidance of knowledge” of the contents of the suitcase, with an instruction that, unless it found that she had been “aware of a high probability” that her suitcase contained drugs, it should acquit her.
It is important to note that appellant’s fabrication of a false document and her use of a false name were not extrajudicial exculpatory statements, made after the perpetration of the offense charged, in the hope of extricating herself from suspicious circumstances. United States v. Johnson, 513 F.2d 819 (2d Cir. 1975). The facts of this case are, therefore, readily distinguishable from those of United States v. DiStefano, 555 F.2d 1094 (2d Cir. 1977), relied upon by appellant. In DiStefano, the court held that, in view of the otherwise weak evidence against the defendant, who was charged with conspiracy and aiding and abetting a bank robbery, it was plain error *779 for the district court to charge the jury that defendant’s false exculpatory statements were circumstantial evidence of her guilt. As in the case of United States v. Johnson, supra, the other evidence at trial merely established defendant’s presence at the scene of a crime; and, therefore, the charge prejudiced the defendant by giving undue emphasis to the importance of the false exculpatory statements. United States v. DiStefano, supra, at 1104, n. 9; see also, United States v. Kearse, 444 F.2d 62 (2d Cir. 1971).
In the present case, however, unlike the defendant in either DiStefano or Johnson, the appellant purposefully fabricated a false document and used a false name in the actual course of committing the crime itself in order to confuse any law enforcement agents who might be investigating drug traffic and to avoid subsequent identification. While these acts are evidence that the appellant was conscious of her guilty purpose, they also have independent probative force, United States v. Johnson, supra; United States v. Parness, 503 F.2d 430 (2d Cir. 1974), cert. denied, 419 U.S. 1105, 95 S.Ct. 775, 42 L.Ed.2d 801 (1975); from which, with the other evidence in the ease, the jury could properly infer appellant’s guilt. See Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896); Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090 (1896); Alberty v. United States, 162 U.S. 499, 16 S.Ct. 864, 40 L.Ed. 1051 (1896); United States v. Montalvo, 271 F.2d 922 (2d Cir. 1959), cert. denied, 361 U.S. 961, 80 S.Ct. 589, 4 L.Ed.2d 543 (1960); cf. United States v. Lacey, 459 F.2d 86 (2d Cir. 1972); United States v. McConney, 329 F.2d 467 (2d Cir. 1964). But they are not conclusive and cannot, alone, furnish a foundation for a verdict of guilty.
As the Supreme Court stated in Hickory v. United States, 160 U.S. 408, 416-417, 16 S.Ct. 327, 330, 40 L.Ed. 474 (1896):
“It is undoubted that acts of concealment by an accused are competent to go to the jury as tending to establish guilt, yet they are not to be considered as alone conclusive, or as creating a legal presumption of guilt; they are mere circumstances to be considered and weighed in connection with other proof with that caution and circumspection which their inconclusiveness when standing alone require.”
See also United States v. Ratcliffe, 550 F.2d 431 (9th Cir. 1976). The majority’s discussion of this issue passes too quickly over the point that evidence which shows a defendant’s consciousness of guilt is also relevant as a circumstance from which the jury can infer guilt. See United States v. Heitner, 149 F.2d 105 (2d Cir. 1945). Proof of the use of a false name or of the fabrication of a false report is itself some affirmative evidence of guilt (although not alone sufficient to support a conviction), see United States v. Ford, 237 F.2d 57, at 63 n. 10 (2d Cir. 1956), vacated as moot, 355 U.S. 38, 78 S.Ct. 114, 2 L.Ed.2d 71 (1957). To the extent that it is some affirmative evidence of guilt, it has independent probative force. The weight to be given to such actions depends on the motives which prompted them. In this regard, it is important to reiterate that appellant’s use of a false name and her fabrication of a false baggage report were purposeful attempts at concealment during the commission of a crime and not false exculpatory statements made in the hope of extricating herself from suspicious circumstances, as in Johnson and DiStefano.
In the present case, other strong evidence of guilt, which included her statements that she was to receive $1,000 in return for delivering the suitcase and that she had opened it but remained wholly unconcerned with its contents, furnished sufficient additional proof, together with the inferences which the jury was entitled to draw therefrom, to support its verdict of guilty. Moreover, the appellant did not provide any explanation for her use of a false name. See Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947); Wilson v. United States, supra. The district court’s instructions, while not couched in language precisely suited to indicate the probative weight which the jury should have accorded *780 appellant’s actions,[1] certainly did not leave the jury with the impression that it might convict her on the basis of the use of the false name and the fabrication of the false document alone.
With regard to the need for a balanced instruction on conscious avoidance of knowledge, the majority cites United States v. Bright, 517 F.2d 584 (2d Cir. 1975) and United States v. Esquer-Gamez, 550 F.2d 1231 (9th Cir. 1977), for the proposition that a jury instruction stating that knowledge of a fact can be inferred from reckless disregard of the truth, or from a conscious purpose to avoid learning the truth, must be balanced by a charge that actual belief in the non-existence of a fact negates knowledge. See also, United States v. Valle-Valdez, 554 F.2d 911 (9th Cir. 1977); United States v. Bernstein, 533 F.2d 775, 796 n. 17 (2d Cir.), cert. denied, 429 U.S. 998, 97 S.Ct. 523, 50 L.Ed.2d 608 (1976).
In the Bright case, however, the defendant had testified at trial concerning the basis for her belief that the checks she received from an acquaintance were not stolen. In the light of this testimony and defense counsel’s specific objection to the charge, the court held that it was prejudicial to Bright’s defense for the trial court not to balance its charge on conscious avoidance of the truth, with an instruction that, if the jury found the defendant actually believed that the checks were not stolen, it should acquit. Cf. United States v. Jacobs, 475 F.2d 270 (2d Cir.), cert. denied sub nom. Lavelle v. United States, 414 U.S. 821, 94 S.Ct. 116, 38 L.Ed.2d 53 (1973).
Similarly, in the Esquer-Gamez case, defendants Rene Esquer-Gamez and Guillermo Platt-Lopez testified at trial that they believed that the packages of cocaine which they gave to Enrique Platt-Lopez were presents for his girlfriend and did not contain illegal drugs. Guillermo further testified that he asked Enrique what the packages contained, but he refused to explain. The trial judge failed, despite timely objection and a request by defense counsel, to charge the jury that if it found that Es-quer-Gamez and Guillermo actually believed that the packages they handled did not contain drugs, then it must acquit them. On appeal, the court reversed their convictions, holding that on these facts, the trial judge’s refusal to balance the charge as requested was prejudicial.
Unlike the defendant in the Bright case and the defendants in the Esquer-Gamez case, appellant did not attempt to explain to the jury the reasons for her lack of knowledge of the contents of the suitcase. Her statements to federal authorities at the time of her arrest showed that she was unconcerned about its contents and that she did not ask her friend Juan what was in the suitcase. As the majority points out, she never stated that she believed the suitcase contained some contraband other than heroin, such as jewelry or marijuana. Cf. United States v. Joly, supra, at 676. Therefore, the trial judge properly refrained from instructing the jury that it should acquit her, if it found that she believed the suitcase contained some contraband other than narcotics, and simply prefaced his instructions on conscious avoidance with a reference to appellant’s defense. The charge, read as a whole, informed the jury that appellant’s defense was that she lacked knowledge that the suitcase contained heroin; that knowledge was an element of the offense charged; and that, if the Government failed to prove each element beyond a reasonable doubt, it must acquit her. Cf. United States v. Gentile, 530 F.2d 461 (2d Cir.), cert. denied, 426 U.S. 936, 96 S.Ct. 2651, 49 L.Ed.2d 388 (1976). The charge was, in essence, the same as those approved by this court in United States v. Joly, supra, and United States v. Dozier, 522 F.2d 224 (2d Cir.), cert. denied, 423 U.S. 1021, 96 S.Ct. 461, 46 L.Ed.2d 394 (1975).
*781 “This court has consistently upheld use of the ‘conscious avoidance’ charge where defendants have denied wrongful knowledge in circumstances that should have apprised them of the unlawful nature of their conduct.” United States v. Joyce, 542 F.2d 158, 161 (2d Cir. 1976), cert. denied sub nom. Teri v. United States, 429 U.S. 1100, 97 S.Ct. 1122, 51 L.Ed.2d 548 (1977). “Studied ignorance” of a fact may constitute awareness of so high a probability of the existence of a fact that a jury may properly infer knowledge. United States v. Joly, supra, at 675; see also, United States v. Kershman, 555 F.2d 198 (8th Cir. 1977). Failure to balance a jury instruction on a defendant’s conscious avoidance of knowledge has not per se been held to constitute reversible error. On petition for rehearing in light of the decision in the Bright case, the court in Dozier held that, in the absence of “ ‘acute’ objections to the claimed lack of balance and fairness in the portion of the charge on the subject of conscious avoidance of knowledge,” the trial judge’s instructions were not plainly erroneous. 522 F.2d at 228. In the present case, defense counsel did not object to the lack of, or request, a balanced charge on conscious avoidance of knowledge.
The majority’s reliance on United States v. Valle-Valdez, supra, for the proposition that the trial judge should, at least, have balanced his instruction by advising the jury that unless it found that appellant had been “aware of a high probability” that her suitcase contained drugs, it should acquit her, is misplaced. Again, this case is distinguishable on the grounds that, unlike appellant, the defendant did testify concerning the basis for his lack of knowledge that his automobile contained contraband, and that he timely and specifically objected to the absence of a balanced charge. More importantly, however, the majority cites no cases in this circuit which' have expressly adopted the “high probability” test announced by the Ninth Circuit in United States v. Jewell, 532 F.2d 697 (9th Cir.) (en banc), cert. denied, 426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976). In fact, several decisions of this court have stressed that a charge to a jury, instructing it that knowledge may be inferred from a defendant’s consciously shutting his eyes to avoid knowing whether or not he is committing unlawful acts, may be more useful to a jury than the “high probability” formulation espoused by the majority. United States v. Brawer, 482 F.2d 117, 128-9 (2d Cir. 1973); United States v. Jacobs, supra, at 287; see also, United States v. Lamont, 565 F.2d 212, 228 (2d Cir. 1977); United States v. Olivares-Vega, supra, at 830; United States v. Joly, supra, at 675. The majority concedes that appellant could hardly have believed that she would be paid $1,000 for transporting a suitcase full of dirty clothes. Her “conscious purpose to avoid enlightenment” or her “studied ignorance” of the contents of her suitcase constituted an awareness of so high a probability as to justify the inference of knowledge that it contained narcotics. United States v. Joly, supra, at 675. Therefore, the omission of a jury instruction that the jury must find that appellant was aware of a high probability that the suitcase contained contraband, see United States v. Valle-Valdez, supra, at 914, under the circumstances of this case was, if erroneous, entirely harmless.
The majority’s discussion of the trial court’s allegedly prejudicial instruction on the issue of knowledge of a specific narcotic stems from appellant’s claim that she was afforded ineffective assistance of counsel because of her attorney’s ignorance of the elements of an offense under 21 U.S.C. § 841(a)(1) which resulted in his pursuit of an illusory defense, i. e. that if the jury found that she believed the substance in the pouches was marijuana rather than heroin, then it must acquit her. The record does not support this claim. Counsel’s summation made it clear to the jury that her defense was that, except for the blouse which she placed in the suitcase herself, she had no knowledge of its contents. She at no time claimed, and her attorney did not suggest, that she actually believed the suitcase contained some other contraband, such as stolen jewelry or marijuana. Instead, in an effort to support by negative inference *782 her defense that she did not know what was in the bag, on several occasions during summation counsel pointed out to the jury that appellant did not state to the Government agents that she believed the pouches contained either jewelry or marijuana.
Both defense counsel’s summation and the court’s instructions to the jury made it plain that the theory of the defense was that appellant was a “mule,” ignorant of the contents of the suitcase she carried, and one who was simply following instructions. That the trial judge charged the jury that the Government did not have to prove knowledge of a specific narcotic and that the jury requested further instructions from the court on whether appellant would be equally guilty if she possessed any other narcotic than heroin does not show that appellant was prejudiced by her counsel’s references to marijuana. See LiPuma v. Commissioner, Department of Corrections, 560 F.2d 84 (2d Cir. 1977); United States v. Matalon, 445 F.2d 1215 (2d Cir.), cert. denied, 404 U.S. 853, 92 S.Ct. 92, 30 L.Ed.2d 93 (1971); cf. United States v. Carrigan, 543 F.2d 1053 (2d Cir. 1976).
It is reasonable to assume from the weight of the evidence against appellant, cf. United States v. Bubar, 567 F.2d 192, 202, n. 15 (2d Cir. 1977); including her expectation of receiving $1,000 for delivering the suitcase, her use of a false name, her opening of the suitcase, and the vinegar-like odor it emitted, that the jury had already dismissed her defense of a complete lack of knowledge of the suitcase’s contents, but was unsure of what significance to attach to the possibility that she might have believed that it contained another narcotic. Before answering the jury’s question concerning marijuana, the trial judge explicitly stated to the jury that it was his recollection that “there was no proof that there was any other narcotic involved in this case other than heroin.” He then properly instructed the jury that the Government did not have the burden of proving knowledge of a specific narcotic, that knowledge of possession with intent to distribute any narcotic would be a sufficient basis for a finding of guilt, and that marijuana was a controlled substance within the terms of the statute, 21 U.S.C. § 841(a)(1). This instruction, given in response to questions from the jurors, did not “hopelessly muddle” the single issue of whether appellant knew that the suitcase contained narcotics. Cf. United States v. Christmann, 298 F.2d 651 (2d Cir. 1962).
Under these circumstances, the appellant was not deprived of a fair trial on the issue of whether she knew that her suitcase contained narcotics.
Accordingly, I would affirm the judgment of conviction.

. The trial judge immediately followed his charge on fabrication of a false document with an instruction that, if the jury found that appellant had used a false name, it could infer her consciousness of guilt. This instruction substantially eliminated the possibility that the jury would give undue consideration to this evidence in its deliberations, especially in light of the fact that it was appellant’s use of a false name which resulted in the fabrication of the lost baggage report.