UNITED STATES of america, Appellee,

v.

Steven FORTGANG, Defendant–
Appellant.

No. 03–1066.

United States Court of Appeals,
Second Circuit.

Sept. 16, 2003.

Mel A. Sachs, New York, NY, for Defen-
dant–Appellant.

Caren Myers, Assistant United States
Attorney, Eastern District of New York
(Roslynn R. Maukopf, United States Attor-

38

ney, Jo Ann M. Navickas, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

◼◼◼◼◼◼◼◼

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant Steve Fortgang appeals from a final judgment of conviction entered after a jury trial in the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*). Fortgang was convicted of three counts: conspiring to commit mail fraud and to sell prescription drugs without a license, in violation of 18 U.S.C. § 371; selling prescription drugs without a license, in violation of 21 U.S.C. §§ 331(t) and 333(b)(1)(D); and selling prescription drugs without required documentation, in violation of 21 U.S.C. §§ 331(t) and 333(a)(2). On appeal, he (1) challenges the sufficiency of the evidence, (2) contends the district's pre-trial suppression ruling was erroneous, and (3) argues that comments made by the prosecutor during closing arguments deprived him of a fair trial.

◼◼ In considering Fortgang's challenge to the sufficiency of the evidence, we credit every inference that the jury might have drawn in the government's favor and consider the evidence in its totality rather than in isolation, remembering that the government need not negate every theory of innocence. *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000). Fortgang does not challenge the existence of a criminal conspiracy to distribute drugs without a license, but contends that there was insufficient evidence that he willfully participated in the conspiracy, or

that he intended economic harm. With respect to willfulness, the jury heard evidence that he falsified shipping labels and pedigree sheets to hide the source of the drugs, which he knowingly received from a person who had no distribution license, and that Fortgang made false sworn statements as part of his application for a distribution license. This evidence is enough to support an inference that Fortgang willfully participated in a conspiracy to distribute drugs without a valid license. *See United States v. Boothe*, 994 F.2d 63, 69 (2d Cir.1993) (rejecting sufficiency challenge to evidence of specific intent where the existence of a conspiracy was undisputed and the defendant's actions, which furthered the conspiracy, were performed in a suspicious manner). As to contemplated harm, it is enough that Fortgang intentionally misrepresented that he received the drugs from a licensed distributor, a misrepresentation that has important bearing on the quality and would obviously affect anyone's willingness to purchase them. *See United States v. Walker*, 191 F.3d 326, 335–36 (2d Cir.1999); *United States v. Schwartz*, 924 F.2d 410, 421 (2d Cir.1991).

◼◼ Fortgang also challenges the suppression ruling, arguing that when law enforcement officers entered his house pursuant to a valid *arrest* warrant, they violated the Fourth Amendment by waiting inside with the occupants of the house, until a *search* warrant was obtained several hours later. We disagree. *See Segura v. United States*, 468 U.S. 796, 798, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984) (holding that officers did not violate Fourth Amendment where they entered premises with probable cause and then "preserve[d] the status quo [for nineteen hours] while others, in good faith, [were] in the process of obtaining a warrant"). It was reasonable for the

agents to "believe[ ] that the occupants of the house were capable of removing or destroying further evidence." *United States v. Schaper*, 903 F.2d 891, 894–95 (2d Cir.1990).

Finally, Fortgang contends that improper comments in the closing arguments of the prosecutor effected a constructive amendment or variance of the indictment. Because Fortgang did not object during trial, we are limited to plain error review. *See United States v. Olano*, 507 U.S. 725, 733–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The test for a constructive amendment is whether the presentation of evidence and jury charge led to a "substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." *United States v. Mollica*, 849 F.2d 723, 729 (2d Cir.1988). A variance " 'occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from that alleged in the indictment.' " *United States v. Weiss*, 752 F.2d 777, 787 (2d Cir.1985) (quoting *United States v. Pelose*, 538 F.2d 41, 45 n. 8 (2d Cir.1976)). There is no basis for Fortgang's constructive amendment or variance claims. Moreover, assuming *arguendo* that the isolated comments by the prosecutor were improper, their admission would not amount to plain error. *See United States v. Elias*, 285 F.3d 183, 190 (2d Cir.) ("[I]nappropriate prosecutorial comments, standing alone, [do] not justify a reviewing court to reverse a criminal conviction in an otherwise fair proceeding."), *cert. denied*, 537 U.S. 988, 123 S.Ct. 430, 154 L.Ed.2d 356 (2002).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**