**UNITED STATES of America,**
**Appellee,**

v.

**Irene Rubio GARCIA, Appellant.**

**No. 23269.**

United States Court of Appeals,
Ninth Circuit.

Sept. 3, 1970.

Barry Tarlow (argued), Los Angeles, Cal., for appellant.

J. Kent Steele, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before JERTBERG, ELY and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Defendant Garcia appeals from a conviction for violating 21 U.S.C. § 174. Error in admitting Garcia's inculpatory statements obtained in violation of Miranda v. Arizona (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, compels reversal of her conviction and a remand for a new trial from which those statements will be excluded.

After Garcia was arrested, federal agents repeatedly questioned her. During the course of the interrogation sessions, the agents gave her several different versions of the *Miranda* bundle of warnings. On no occasion was a warning given fully complying with *Miranda*. Taken together, the warnings were inconsistent. At one point she was told that she had a right to the presence of counsel "when she answered any questions"; on another, she was told that she could "have an attorney appointed to represent you when you first appear before the U. S. Commissioner or the Court."

The warnings failed adequately to inform Garcia of her right to counsel before she said a word. "[T]he offer of counsel must be clarion and firm, not one of mere impressionism." Lathers v. United States (5th Cir. 1968) 396 F.2d 524, 535. (*Accord*, United States v. Vasquez-Lopez (9th Cir. 1968) 400 F.2d 593; Gilpin v. United States (5th Cir. 1969) 415 F.2d 638.)

Discussion of the remaining contentions is rendered unnecessary by our disposition of the *Miranda* issue.

The judgment is reversed, and the cause is remanded for a new trial.