**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lambert David NOA, Defendant-Appellant.**

**No. 26484.**

United States Court of Appeals, Ninth Circuit.

May 25, 1971.

John S. Edmunds, Chief Deputy Public Defender (argued), Brook Hart, Public Defender, Honolulu, Hawaii, for appellant.

Harold M. Fong, Asst. U. S. Atty. (argued), Joseph M. Gedan, Asst. U. S. Atty., Robert K. Fukuda, U. S. Atty., Honolulu, Hawaii, for appellee.

Before KOELSCH, CARTER and KILKENNY, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

Appellant appeals his convictions of theft of mailed matter, in violation of 18 U.S.C. § 1708, on the ground that (1) no adequate *Miranda* warning of the right to appointed counsel prior to questioning was given to him before his confession to Federal Postal Authorities and (2) no warning of the right to refuse to permit a warrantless search was given to him prior to his consent to a search of his vehicle. We affirm.

The parties agree on the underlying facts. On February 27, 1970, appellant, who worked as a mail clerk at Queen's Hospital in Honolulu, was called into the office of his superior, where two Federal Postal Inspectors, Townley and Hargrove, introduced themselves, stated that they were investigating reports of losses of mail, and advised appellant that they wished to question him. Prior to questioning appellant, Inspector Townley gave him the following warnings:

"You have the right to remain silent. Anything you say can be used against you in court. You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning. If you cannot afford a lawyer, one will be appointed for you if you wish. If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer."

These warnings were also presented to appellant in written form. After reading them, appellant signified that he was willing to answer questions at that time and answered various questions of Inspector Townley, leading Townley to suspect appellant of the offenses under investigation. Townley then asked appellant if he would permit a search of his vehicle, which was parked outside on hospital grounds. At no time prior to the search of appellant's vehicle did Inspector Townley expressly advise appellant that he had a right to refuse to consent to the search or that he had a right to insist upon a search warrant.

Appellant agreed to the proposed search, during which the inspectors found certain letters and currency that

they believed were stolen from the Queen's mail room. Appellant was then taken back to his supervisor's office and given the same warnings that he had been previously given, after which he admitted taking various letters from the mail room, Inspector Townley reduced this confession to writing, and appellant signed it.

After his indictment for six counts of mail theft, appellant moved to suppress his confession and the evidence seized from his car. The trial court denied the motion, and the disputed evidence was introduced at appellant's trial, where he was convicted on all counts.

## I.

Appellant contends that the warning that he was given several times by Inspector Townley was inadequate under Miranda v. Arizona, 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966), which held that a person subjected to custodial interrogation "must be warned prior to any questioning * * * that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." Appellant argues that the warning that he was given was inadequate because it failed to explicitly inform him that he had a right to consult with an appointed attorney prior to any questioning. We disagree.

■ We have held that warnings that failed to explicitly inform defendants of the right to consult with appointed counsel prior to questioning were adequate under *Miranda,* although they were not under attack on this ground. Keegan v. United States (9 Cir. 1967) 385 F.2d 260, cert. denied 391 U.S. 967, 88 S.Ct. 2038, 20 L.Ed.2d 880 (1968); Craft v. United States (9 Cir. 1968) 403 F.2d 360; Camacho v. United States (9 Cir. 1969) 407 F.2d 39, cert. denied 396 U.S. 944, 90 S.Ct. 380, 24 L.Ed.2d 245 (1969). In the latter case, we said, "The precise words or nicety of language used in advising a suspect of his rights are not determinative; substance controls form." 407 F.2d at 42 n. 2. We hold that the language used in the warning given to appellant, in which the reference to the right to appointed counsel immediately followed the reference to the right to consult with an attorney before and during questioning, conveyed the substance of a warning of the right to consult with appointed counsel prior to and during questioning. See, Sweeney v. United States (9 Cir. 1969) 408 F.2d 121. This is not a case in which the defendant was not informed of his right to the presence of an attorney during questioning, Groshart v. United States (9 Cir. 1968) 392 F.2d 172, Smith v. Rhay (9 Cir. 1969) 419 F.2d 160, or in which the offer of an appointed attorney was associated with a future time in court, United States v. Garcia (9 Cir. 1970) 431 F.2d 134.

Other circuits that have passed on questions similar to the one before us have reached results consistent with our decision in this case. Coyote v. United States (10 Cir. 1967) 380 F.2d 305, cert. denied 389 U.S. 992, 88 S.Ct. 489, 19 L.Ed.2d 484 (1967); United States v. Vanterpool (2 Cir. 1968) 394 F.2d 697; United States v. Anderson (2 Cir. 1968) 394 F.2d 743; United States v. Sanchez (2 Cir. 1970) 422 F.2d 1198; United States v. Kee Ming Hsu (2 Cir. 1970) 424 F.2d 1286; United States v. Lamia (2 Cir. 1970) 429 F.2d 373, cert. denied 91 S.Ct. 150 (1970). Appellant relies on Lathers v. United States (5 Cir. 1968) 396 F.2d 524. That case was similar to United States v. Garcia, *supra,* because it involved a warning of the right to appointed counsel associated with a future time in court. The Fifth Circuit has indicated that it distinguishes, as we do, the type of warnings in *Lathers* and *Garcia* from the one given appellant by approving of a warning identical to the one in the case at bar. Gilpin v. United States (5 Cir. 1969) 415 F.2d 638.

## II.

Appellant contends that his consent to the search of his vehicle was not voluntary because he was not advised of his right to insist upon a search warrant or of his right to refuse a warrantless search. We disagree and hold that, where, as here, a person consents to a search after receiving adequate *Miranda* warnings, specific warnings of Fourth Amendment rights are not necessary to validate the search. Gorman v. United States (1 Cir. 1967) 380 F.2d 158; Government of Virgin Islands v. Berne, (3 Cir. 1969) 412 F.2d 1055, cert. denied 396 U.S. 837, 90 S.Ct. 96, 24 L.Ed.2d 87 (1969); United States v. Goosbey (6 Cir. 1970) 419 F.2d 818.

Appellant relies upon United States v. Nikrasch (7 Cir. 1966) 367 F.2d 740; Perkins v. Henderson (5 Cir. 1969) 418 F.2d 441; United States v. Blalock (E. D.Pa.1966) 255 F.Supp. 268; United States v. Moderacki (D.Del.1968) 280 F.Supp. 633.

These cases are, at best, questionable authority for his contention. The Seventh Circuit, in Byrd v. Lane (7 Cir. 1968) 398 F.2d 750, 755, cert. denied 393 U.S. 1020, 89 S.Ct. 625, 21 L.Ed.2d 564 (1969) said that the statement in *Nikrasch* upon which appellant relies was of "dubious propriety." *Nikrasch* and *Perkins* are distinguishable from the case before us because in them, apparently, no *Miranda* warnings were given to the consenting defendants. Also, in *Perkins* the court appeared to view the absence of advice on Fourth Amendment rights as only a factor bearing on whether a consent to a search was valid. See, Rosenthal v. Henderson (6 Cir. 1968) 389 F.2d 514. Finally the rulings by district courts within the Third Circuit in *Blalock* and *Moderaki* were not adopted in the subsequent decision of the Third Circuit in Government of Virgin Islands v. Berne, *supra*.

The judgment is affirmed.