**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Walter J. CONNELL, Jr., Defendant–Appellant.**

**No. 88–1110.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 12, 1988.

Decided March 16, 1989.

---

Hayden Aluli, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

Janet H. Fenton, Sp. Asst. U.S. Atty., and Lawrence Tong, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before HUG and KOZINSKI, Circuit Judges, and GRAY\*, District Judge.

HUG, Circuit Judge:

In this appeal, Walter Connell challenges his conviction for theft of personal property within the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. § 661 (1982). He claims that the *Miranda* warnings he was given were inadequate and that suppression of his subsequent confession was therefore required. Because we conclude that the warnings Connell received failed adequately to apprise him of his right to appointed counsel, if he could not afford one, we reverse.[1]

---

\* Honorable William P. Gray, Senior United States District Judge for the Central District of California, sitting by designation.

1. Connell also claims that the Government failed to prove that he knowingly, voluntarily, and intelligently waived his *Miranda* rights. Because we reverse on the ground that the warn-

## I. BACKGROUND

On September 23, 1985, Walter Connell was arrested pursuant to a report that he was driving a vehicle the rear tires of which had been stolen. Because the theft allegedly took place on the grounds of Fort Shafter, a military installation in Hawaii, it fell within the jurisdiction of the United States and was handled by the military police. After he was taken into custody, Connell was advised of his *Miranda* rights by Anthony Hirsch, a military police investigator. As was his usual practice, Officer Hirsch handed Connell a standardized *Miranda* waiver form and asked him to read his rights from the front of the form. While Connell was doing this, Officer Hirsch advised him orally of his *Miranda* rights by reading them verbatim from the back of the form. Thus, Connell received simultaneously two versions of the *Miranda* litany.

With regards to his right to counsel, the two warnings Connell received were not identical. Orally, Connell was informed as follows:

> You have the right to talk privately to a lawyer before, during, and after questioning and to have a lawyer present with you during questioning. However, you must make your own arrangements to obtain a lawyer and this will be at no expense to the Government. If you cannot afford to pay for a lawyer, one *may* be appointed to represent you (emphasis added).

In contrast, the written warning stated:

> I have the right to talk privately to a lawyer before, during, and after questioning and to have a lawyer present with me during questioning. However, I understand that I must make my own arrangements to obtain a lawyer and this will be at no expense to the Government. I further understand that if I cannot afford to pay for a lawyer and want one

ings given Connell were inadequate, we do not reach the issue of waiver. *Cf. Michigan v. Mosley*, 423 U.S. 96, 99–100, 96 S.Ct. 321, 324–25, 46 L.Ed.2d 313 (1975) (violation of procedures dictated by *Miranda* makes even wholly voluntary statements inadmissible).

*arrangements will be made for me to obtain a lawyer in accordance with the law* (emphasis added).

After receiving these warnings and signing the waiver form, Connell confessed to the theft of the tires.

At his bench trial on the theft charge, the magistrate admitted Connell's confession into evidence over defense counsel objection. Connell was subsequently found guilty by the magistrate and sentenced to a probationary term. After his motion for a new trial (which alleged, *inter alia*, that the *Miranda* warnings he received were inadequate) was denied, Connell appealed to the district court. His conviction was affirmed and this appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291 (1982).

## II. ADEQUACY OF MIRANDA WARNINGS

### A. *Standard of Review*

■ Whether Connell was given adequate *Miranda* warnings is a question of law that is reviewed *de novo* by the appellate court. *See Territory of Guam v. Snaer*, 758 F.2d 1341, 1342 n. 1 (9th Cir.), *cert. denied*, 474 U.S. 828, 106 S.Ct. 90, 88 L.Ed.2d 74 (1985); *United States v. Noti*, 731 F.2d 610, 614 (9th Cir.1984). "De novo review is appropriate because the adequacy of *Miranda* warnings involves application of a legal standard to a set of facts, which 'require[s] the consideration of legal concepts and involves the exercise of judgment about the values underlying legal principles.'" *United States v. Doe*, 819 F.2d 206, 210 n. 1 (9th Cir.1985) (Fletcher, J., concurring) (quoting *United States v. McConney*, 728 F.2d 1195, 1202 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984)), *modifying* 787 F.2d 1290 (9th Cir.1985) *and* 764 F.2d 695 (9th Cir.1985). In contrast, "the factual findings underlying the adequacy challenge, such as what a defendant was told, are subject to clearly erroneous review." *Id.*

### B. *Discussion*

■ *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), affords all individuals the right to be informed, prior to custodial interrogation, "that [they have] the right to the presence of an attorney, and that if [they] cannot afford an attorney one will be appointed for [them] prior to any questioning if [they] so desire[ ]." *Id.* at 479, 86 S.Ct. at 1630. The Supreme Court has made clear that no "talismanic incantation" of this warning is necessary to satisfy the strictures of *Miranda. See California v. Prysock*, 453 U.S. 355, 359, 101 S.Ct. 2806, 2809, 69 L.Ed.2d 696 (1981) (per curiam); *see also Noti*, 731 F.2d at 614 (Supreme Court does not require verbatim recitation of *Miranda* warnings as long as they are not misleading). Rather, what *Miranda* requires "is meaningful advice to the unlettered and unlearned in language which [they] can comprehend and on which [they] can knowingly act." *Coyote v. United States*, 380 F.2d 305, 308 (10th Cir.), *cert. denied*, 389 U.S. 992, 88 S.Ct. 489, 19 L.Ed.2d 484 (1967); *see also Prysock*, 453 U.S. at 364 n. 3, 101 S.Ct. at 2812 n. 3 (Stevens, J., dissenting) (quoting *Coyote* ).

In the instant case, Connell was given both oral and written *Miranda* warnings before he confessed. Connell argues that the simultaneous use of two different versions of the *Miranda* warning is inherently misleading and confusing. He further contends that, taken together, the warnings he was given failed adequately to advise him that he had the right to the presence of an *appointed* attorney before questioning commenced and during any subsequent interrogation.

It is clear that otherwise unobjectionable *Miranda* warnings will not be found inadequate simply because they fail explicitly to state that an individual's right to appointed counsel encompasses the right to have that counsel present prior to and during questioning. Rather, where individuals have been separately advised both of their right to counsel before and during questioning and of their right to appointed counsel, reviewing courts will assume that a logical

inference has been made—that is, that appointed counsel is available throughout the interrogation process. This circuit's decision in *United States v. Noa*, 443 F.2d 144 (9th Cir.1971), is illustrative. In *Noa*, the appellant was advised as follows: "You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning. If you cannot afford a lawyer, one will be appointed for you if you wish." *Id.* at 145. Finding that this warning survived constitutional challenge, the panel stated:

> We hold that the language used in the warning given to appellant, in which the reference to the right to appointed counsel immediately followed the reference to the right to consult with an attorney before and during questioning, conveyed the substance of a warning of the right to consult with appointed counsel prior to and during questioning.

*Id.* at 146; *accord Prysock*, 453 U.S. at 356–57, 360–61, 101 S.Ct. at 2807–08, 2809–10 (statements "You have the right to talk to a lawyer before you are questioned, have him present with you while you are being questioned, and all during the questioning" and "you have the right to have a lawyer appointed to represent you at no cost to yourself" sufficient to convey right to appointed lawyer prior to and during interrogation); *Coyote*, 380 F.2d at 307–08 (warnings adequately conveyed right to appointed counsel before and during questioning where appellant was informed that "before making any statement he could consult with a lawyer of his own choice and in the event he was without funds to hire a lawyer, the judge would appoint or provide one for him").

Thus, we have found a warning adequate, though there has been a failure to state explicitly that appointed counsel is available prior to and during questioning, when the existence of this right can easily be inferred from the warnings actually given. We reject as fatally flawed, however, a version of the *Miranda* litany if the combination or wording of its warnings is in some way affirmatively misleading, making such an inference less readily available. Thus, for example, in *United States v. Garcia*, 431 F.2d 134 (9th Cir.1970) (per curiam), we found warnings inadequate where a suspect was told at one point that she had a right to the presence of counsel "when she answered any questions" but was later informed that she could obtain appointed counsel only upon appearance before "the U.S. Commissioner or the Court." *Id.* at 134. Reference to the ability to procure appointed counsel only at some unspecified future time, we concluded, negates the inference that the suspect had an immediate right to appointed counsel "before she said a word." *Id.; see also Prysock*, 453 U.S. at 360, 101 S.Ct. at 2809 (noting that *Garcia* is a case of the type where reference to the right to appointed counsel was linked with some future point in time *after* the current police interrogation and therefore did not fully advise the suspect of her rights).

A similar set of warnings was rejected by the Seventh Circuit in *United States ex rel. Williams v. Twomey*, 467 F.2d 1248 (7th Cir.1972). The *Twomey* panel found reference to the right to appointed counsel during questioning followed by the statement that an appointed attorney could only be obtained "if and when you go to court" both "equivocal and ambiguous." *Id.* at 1249–50 & n. 1.

> In one breath appellant was informed that he had the right to appointed counsel during questioning. In the next breath, he was told that counsel could not be provided until later. In other words, the statement that no lawyer can be provided at the moment and can only be obtained if and when the accused reaches court substantially restricts the absolute right to counsel previously stated; it conveys the contradictory alternative message that an indigent is first entitled to counsel upon an appearance in court at some unknown, future time. The entire warning is therefore, at best, misleading and confusing and, at worst, constitutes a subtle temptation to the unsophisticated, indigent accused to forego the right to counsel at this critical moment.

*Id.* at 1250; *see also Emler v. Duckworth,* 549 F.Supp. 379, 381 (N.D.Ind.1982) (noting *Twomey* was the type of case where police "appear to take away with one hand what they were offering with the other").

Application of the above principles to the facts of Connell's case compels the conclusion that the warnings at issue fell below minimum required standards. Like the warnings issued in *Garcia* and *Twomey,* the warnings Connell received were equivocal and open to misinterpretation.[2] Although told that he had the right to talk to an attorney before, during, and after questioning, this statement was immediately followed by a strong assertion that such an attorney could not be obtained at the Government's expense. The subsequent statements regarding appointed counsel in both the oral and written warnings—that "a lawyer *may* be appointed to represent you" (oral) and that if I want but cannot afford a lawyer "arrangements will be made for me to obtain a lawyer in *accordance with the law*" (written)—did not clearly inform Connell that if he could not afford an attorney one would be appointed for him prior to questioning, if he so desired. The oral warning, using the word "may", leaves the impression that providing an attorney, if Connell could not afford one, was discretionary with the government, particularly in light of the previous strong statement that "you must make your own arrangements to obtain a lawyer and this will be at no expense to the government." The written warning is ambiguous in that the arrangements to be made for an attorney, if Connell could not afford one, were to be "in accordance with the law." Connell is not expected to know what the requirements of the law are. In fact, conveying to the person in custody the requirements of the law is the whole purpose of the warning. Furthermore, the combination of the two different warnings created additional confusion. Thus, Connell's case is not analogous to those situations where, though not made explicit, the right to appointed counsel before and during questioning can readily be inferred from the combination of other warnings given. Rather, the ambiguous warnings he *was* given operated to dispel such an inference.[3]

## III. CONCLUSION

The *Miranda* warnings Connell received after his arrest were confusing and failed clearly to inform him that if he could not afford an attorney he had the right to have an attorney appointed for him prior to interrogation. His confession should have been suppressed, and Connell's theft conviction must therefore be reversed.

REVERSED.

---

2. It is interesting to note in this regard that the magistrate in this case, though he ultimately determined that the warnings "squeaked by," found the form used "very dangerous" and stated: "[T]he inference I get is that, you know, they'll get me a free lawyer down the road apiece, not here and now." Transcript of Proceeding at 33 (D.Haw. Mar. 18, 1986) (CR No. 85–02284–01 ACK).

3. In reaching the conclusion that the *Miranda* warnings Connell received were deficient, we are mindful of the concerns voiced by Judge Norris who, writing in dissent in *Territory of Guam v. Snaer,* 758 F.2d 1341 (9th Cir.1985), stated:

 We have observed that it is a simple matter for the police to avoid allegations of error in *Miranda* warnings by reading the defendant his rights from a prepared form.... Since we encourage the use of prepared forms, I think we must scrutinize the language in such forms more closely than we would an extemporaneous warning. The majority has found that [the standardized *Miranda* warning at issue], although not explicit, satisfies our minimum requirements. I am afraid that such a rule may provide a disincentive for doing what the majority commendably tries to encourage [the government] to do—that is, revise its custodial interrogation warning form to "explicitly inform the suspect of his right to consult a lawyer before speaking."

 *Id.* at 1344–45 (Norris, J., dissenting) (citations omitted).