981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Ross THRASHER, Defendant-Appellant.
 No. 91-30381.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.
Decided Dec. 17, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 Michael Ross Thrasher ("Thrasher") appeals his jury conviction and sentence for possession with intent to distribute lysergic acid diethylamide ("LSD"), in violation of 21 U.S.C. § 841(a). Thrasher argues that he did not knowingly, intelligently and voluntarily waive his Miranda rights, and therefore, his right against self-incrimination was violated because the district court failed to suppress statements made to the police. He also argues that the district court erred in failing to instruct the jury on a lesser included offense. Finally, Thrasher argues that the mandatory minimum sentence under 21 U.S.C. § 841(b) is inapplicable because the Government failed to prove, at trial, that he possessed 10 grams or more of LSD. We affirm.
 I.
 Thrasher argues that because he was not adequately Mirandized the district court improperly denied his motion to suppress the statements made to the police. Although this argument was not raised at the suppression hearing, we have recognized four exceptions to the rule precluding review on appeal of issues not raised at the trial level: 1) exceptional circumstances precluded raising the issue at trial; 2) the new issue arose pending an appeal due to a change in law; 3) the issue presented is purely one of law and the opposing party is not prejudiced; and 4) there was plain error and injustice may result. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991).
 
 
 1
 Whether Thrasher was adequately advised of his Miranda rights, is a question of law reviewed de novo. United States v. Noti, 731 F.2d 610, 614 (9th Cir.1984). The Government is not prejudiced because it has sufficiently addressed in its opening brief the issue of whether Thrasher was given an adequate Miranda litany. We, therefore, address this issue on appeal.
 
 
 2
 Under Miranda v. Arizona, 384 U.S. 436, 479 (1966), all individuals have, among other rights, the right to be informed, prior to custodial interrogation, that they are entitled to an attorney's presence, and if they cannot afford an attorney one will be provided for them prior to any questioning if they so desire. A "talismanic incantation" of these warnings, however, is not required to satisfy Miranda's strictures. California v. Prysock, 453 U.S. 355, 359 (1981).
 
 
 3
 In United States v. Connell, 869 F.2d 1349, 1352 (9th Cir.1989), we stated:
 
 
 4
 Thus, we have found a warning adequate, though there has been a failure to state explicitly that appointed counsel is available prior to and during questioning, when the existence of this right can easily be inferred from the warnings actually given. We reject as fatally flawed, however, a version of the Miranda litany if the combination or wording of its warnings is in some way affirmatively misleading, making such an inference less readily available.
 
 
 5
 (Emphasis added.)
 
 
 6
 Thrasher's argument that he was not adequately advised of his Miranda rights is based on the Government's direct examination of Detective Spiering. On direct examination, the following exchange took place:
 
 
 7
 Attorney: And after you read the search warrant to him what were the rights specifically that you informed him of before you began to talk with him?
 
 
 8
 Spiering: The Miranda rights?
 
 
 9
 Attorney: Yeah.
 
 
 10
 Spiering: I basically--I don't have the card in front of me. Do you have the card?
 
 
 11
 Attorney: Have you memorized it at this point?
 
 
 12
 Spiering: I think I can make a good stab at it. Advised him of his right to remain silent, anything that he did say could be used against him in a court of law. His right to have an attorney present during any questioning and--
 
 
 13
 Attorney: And if he couldn't afford one, one would be appointed--
 
 
 14
 Spiering: Right. If he couldn't afford an attorney, one would be appointed for him.
 
 
 15
 Based on the direct examination of Spiering, Thrasher infers that Detective Spiering did not advise him that an attorney would be appointed if he could not afford one. Although Spiering was led on direct, his testimony nevertheless shows that Thrasher was adequately Mirandized. We find that Thrasher was not misled as to his right to counsel and that his statements to the police were made knowingly and intelligently.
 
 
 16
 Thrasher argues further that under the totality of the circumstances his statements were involuntary: 1) officers battered down his apartment door, seized him in the shower at gun point, and ordered him to lay on the floor naked; 2) while on the floor an officer kept a foot right below Thrasher's neck; 3) his Miranda warnings were probably inadequate[1]; and 4) Thrasher was only nineteen years old at the time and had no prior adult experience with the criminal justice system. The test for voluntariness is whether the statements were extracted by physical or psychological coercion or by improper inducement. United States v. Guerrero, 847 F.2d 1363, 1366 (9th Cir.1988).
 
 
 17
 At the time of Thrasher's arrest, the atmosphere was no doubt tense and scary. However, at the time of interrogation, the scene had quieted down. Thrasher was re-handcuffed in the front, dressed, and seated in the living room. While in the living room, Thrasher was advised of his Miranda rights, and although he appeared frightened and nervous, he stated that he understood his Miranda rights. Detective Spiering then stated to Thrasher, "to make it easier for us because of the unkept condition of your house, would you tell us where narcotics are [kept] inside your house?" Thrasher then told Spiering that LSD and marijuana could be found on the top shelf of his closet, but that he never sold LSD or marijuana. Thrasher was then asked where he bought the LSD and marijuana, and he exercised his right to counsel by stating that he wanted to talk to an attorney before answering any more questions.
 
 
 18
 Under the circumstances, we find that Thrasher's statements to the police were made voluntarily: the intensity of the arrest scene dissipated by the time Thrasher was actually questioned, and Thrasher subsequently exercised his right to counsel. See United States v. Pinion, 800 F.2d 976, 981 (9th Cir.1986) (suggesting a defendant's statements were not involuntary because he knew he had a right to remain silent, and in fact did so after making statements), cert. denied, 480 U.S. 936 (1987). The district court thus did not err in denying Thrasher's motion to suppress his statements.
 
 II.
 
 19
 Thrasher next argues that the district court erred by failing to instruct the jury on the lesser included offense for possession of LSD.
 
 
 20
 When elements of a lesser offense are a subset of the elements of the charged offense, a defendant is entitled to a lesser included offense instruction if supported by a factual basis. United States v. Powell, 932 F.2d 1337, 1341 (9th Cir.), cert. denied, 112 S.Ct. 256 (1991). However, "[w]here there are large quantities of a drug and other evidence tending to establish distribution, we have declined to require a possession instruction, holding that once the jury found possession under such circumstances, it could not rationally conclude that there was no intent to distribute." Id. at 1342.
 
 
 21
 Because Thrasher possessed 1,984 hits of LSD, scales, a pager, and notes indicating drug transactions, no rational jury could find that Thrasher possessed LSD with no intent to distribute. The district court, therefore, did not err in denying Thrasher a lesser included offense instruction.
 
 III.
 
 22
 Thrasher argues the district court erred in imposing the mandatory ten year minimum sentence of 21 U.S.C. § 841(b)(1)(A)(v), because it was not proved at trial that Thrasher possessed ten grams or more of LSD.
 
 
 23
 This argument is meritless. We have held that drug quantity is not an element of the offense of possession with intent to distribute; quantity instead is relevant only for sentencing purposes under 21 U.S.C. § 841(b). United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992).
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As noted above, we find that Thrasher was adequately advised of his Miranda rights