993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Veeradech AMORNVATTANA, Defendant-Appellant.
 No. 92-10425.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1993.*
Decided May 12, 1993.
 
 Before GOODWIN, TANG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Veeradech A. Amornvattana appeals the district court's denial of his suppression motion following a conditional guilty plea to one count of importing more than one kilogram of heroin, in violation of 21 U.S.C. §§ 952(a), 960(a), 960(b)(1)(A). Amornvattana contends the district court erred in holding that his understanding of English was sufficient to make a voluntary, knowing, and intelligent waiver of the rights set forth in Miranda v. Arizona, 384 U.S. 436 (1966). We affirm.
 
 
 3
 Contrary to Amornvattana's contention, we review only for clear error a finding of knowing and voluntary waiver and a determination that a defendant sufficiently understood the language in which the Miranda warnings were given. United States v. Bernard S., 795 F.2d 749, 751 (9th Cir.1986); see United States v. Gutierrez-Mederos, 965 F.2d 800, 803 (9th Cir.1992) (reviewing for clear error finding that defendant sufficiently understood English to consent to search), cert. denied, 113 S.Ct. 1315 (1993).[1]
 
 
 4
 Under the clearly erroneous standard, reversal is only appropriate if we have "a definite and firm conviction that a mistake has been committed." United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991). Applying this standard to the district court's careful assessment of the evidence, we find no basis for reversal. Amornvattana's effort to reargue his suppression motion is unavailing: Even if we might have come to a different conclusion than the district court, this is not enough to warrant reversal under the applicable standard of review.
 
 
 5
 In any event, the court's application of our decision in Bernard S. was entirely appropriate. As in that case, officials here read the defendant his Miranda rights a paragraph at a time and offered simplified explanations. In fact, officials did this twice for Amornvattana. Both here and in Bernard S. the defendants indicated an understanding of their rights. Specifically, Amornvattana paraphrased some of what he was told and asked for clarification of other portions. The finding of a voluntary waiver in Bernard S. strongly suggests a similar outcome here. See 795 F.2d at 753.
 
 
 6
 Amornvattana argues that the district court contradicted its finding of voluntary waiver in discussing Amornvattana's comprehension of matters unrelated to the suppression motion. However, the government persuasively responds that, because the district court's statement was made in an entirely different context, it should not control in considering the validity of Amornvattana's Miranda waiver. We agree and, for the foregoing reasons, the denial of the suppression motion is
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The cases cited by Amornvattana in support of de novo review are distinguishable. They concern whether texts of particular Miranda warnings were legally sufficient, not whether the defendants sufficiently understood the warnings. See United States v. Connell, 869 F.2d 1349, 1351 (9th Cir.1989); United States v. Noti, 731 F.2d 610 (9th Cir.1984)