**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 30 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30069 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00385-RE-2 |
| v. | |
| JERONIMO BOTELLO-ROSALES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
James A. Redden, Senior District Judge, Presiding

Argued and Submitted July 14, 2011
Portland, Oregon

Before: PREGERSON, WARDLAW, and M. SMITH, Circuit Judges.

Jeronimo Botello-Rosales appeals his conviction of conspiracy to

manufacture marijuana in violation of 21 U.S.C. § 841(a)(1), and possession of a

firearm by a person unlawfully in the United States in violation of 18 U.S.C.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 922(g)(5). We have jurisdiction under 28 U.S.C. § 1291, and we remand to the district court for a new evidentiary hearing.

Botello entered a guilty plea following the district court's denial of his motion to suppress statements he gave law enforcement officers. Botello argues that the district court erred in denying the suppression motion because the police officer violated *Miranda v. Arizona*, 384 U.S. 436, 473 (1966), by preceding his interrogations with a mistranslated Spanish-language warning that failed to convey the government's obligation to appoint counsel for indigent defendants. An officer translated the warning into Spanish from memory, the interrogation was not recorded, and no Spanish-certified court reporter was present at the suppression hearing, which itself was not recorded. Therefore, where the officer testified about what he remembered saying to Botello, the record states simply: "(The answer is then given in Spanish.)"

To determine the adequacy of a *Miranda* warning, we must examine the words used to determine if "the warnings reasonably 'conve[y] to [a suspect] his rights as required by *Miranda*.'" *Florida v. Powell*, 130 S. Ct. 1195, 1204 (2010) (alterations in original) (quoting *Duckworth v. Eagan*, 492 U.S. 195, 203 (1989)). Our case law in this area makes clear that, at a minimum, this inquiry requires a finding of fact as to what was actually said. *See Doody v. Ryan*, — F.3d —, 2011

WL 1663551 at \*2, \*13 (9th Cir. May 4, 2011); *id.* at \*35–\*39 (Kozinski, C.J., concurring in the judgment); *United States v. Perez-Lopez*, 348 F.3d 839, 842, 848 (9th Cir. 2003); *United States v. San Juan-Cruz*, 314 F.3d 384, 386–87, 389 (9th Cir. 2002); *United States v. Connell*, 869 F.2d 1349, 1350–51, 1352 (9th Cir. 1989).

As there is insufficient record evidence to determine whether police adequately administered the *Miranda* warning, we **REMAND** this case to the district court for additional fact-finding as to the content of the Spanish-language warning administered to Botello, and whether the words used adequately conveyed to Botello his *Miranda* rights.

**REMANDED**