ORDER
The memorandum disposition and partial dissent filed on February 8, 2013 are withdrawn. A replacement memorandum disposition and a replacement partial dissent are being filed concurrently with this Order. With the revisions made to the memorandum disposition, the Petition for Panel Rehearing filed on February 19, 2013 is DENIED. No further petitions for panel rehearing or petitions for rehearing en banc will be entertained.
MEMORANDUM *
Juan Carlos Garcia-Rivas appeals his conviction under 8 U.S.C. § 1326(a), enhanced by 8 U.S.C. § 1326(b)(1), for illegally reentering the United States after having previously been deported. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand for further proceedings consistent with this disposition.
The district court did not err in concluding that it was legally irrelevant that Garcia-Rivas was trying to leave the country when he was stopped and detained by Customs and Border Protection (CBP). Garcia-Rivas may have been able to avoid prosecution for illegal reentry by leaving the country before being caught, see United States v. Ayala, 35 F.3d 423, 425 (9th Cir.1994), but the mere fact that Garcia-Rivas was headed toward the border with the intent to leave the country when he was apprehended does not undermine the conclusion that he was “found in” the country after illegally reentering, 8 U.S.C. § 1326(a)(2).
Nor did the district court err in concluding that Garcia-Rivas was provided an adequate Miranda warning. Providing “different and conflicting sets of warnings” to an individual may undermine the adequacy of a Miranda warning, United States v. San Juan-Cruz, 314 F.3d 384, 387-88 (9th Cir.2002), but the warnings here were not conflicting. Garcia-Rivas was meaningfully advised of his Miranda rights, see United States v. Connell, 869 F.2d 1349, 1351 (9th Cir.1989), and he was not affirmatively misled, see San Juan-Cruz, 314 F.3d at 387.
The district court did, however, err in its consideration of whether there was probable cause to arrest Garcia-Rivas. Though law enforcement officers protecting our border have more leeway than law enforcement officers in other settings with regard to searches and detentions, probable cause to suspect criminal activity is still generally required for arrest. See United States v. Hernandez, 322 F.3d 592, 596 (9th Cir.2003); United States v. Bravo, 295 F.3d 1002, 1005-06 (9th Cir.2002).[1] *509 The district court’s conclusion that there was probable cause to suspect criminal activity was based on three facts: (1) that Garcia-Rivas told CBP that he was in the country illegally, (2) that Garcia-Rivas seemed nervous when stopped by CBP, and (B) that Garcia-Rivas refused to provide identification when asked to do so by CBP. Applying the “totality of the circumstances” test for determining whether there was probable cause to suspect criminal activity, see John v. City of El Monte, 515 F.3d 986, 940 (9th Cir.2008), we find these facts insufficient to support a legal arrest.
Our law is clear that illegal presence in the country is not sufficient to support a finding of probable cause to suspect criminal activity. Any confusion on this issue was eliminated by our opinion in Martinez-Medina v. Holder, 673 F.3d 1029 (9th Cir.2011). In Martinez-Medina, we affirmed that the law of the circuit, previously set forth in Gonzales v. City of Peoria, 722 F.2d 468 (9th Cir.1983), overruled in part on other grounds by Hodgers-Durgin v. de la Vina, 199 F.3d 1037, 1040 n. 1 (9th Cir.1999) (en banc), is that “an alien who is illegally present in the United States ... [commits] only a civil violation” and that “admission of illegal presence ... does not, without more, provide probable cause” to suspect criminal activity. Martinez-Medina, 673 F.3d at 1036 (quoting Gonzales, 722 F.2d at 476-77). We did not equivocate on these points, asserting that they “were, and remain, the law of the circuit, binding on law enforcement officers.” Id.
Nervous behavior is a factor that may contribute to a finding of probable cause. See, e.g., United States v. Lim, 984 F.2d 331, 337 (9th Cir.1993). But, depending on the circumstances, nervous behavior, even considered together with other factors that could be indicative of the commission of a crime, may not be sufficient to establish probable cause. See, e.g., Florida v. Royer, 460 U.S. 491, 507, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); cf. United States v. I.E.V., 705 F.3d 430, 438 (9th Cir.2012) (“[W]e join with our sister circuits that have refused to allow police officers to justify a Terry search based on mere nervous or fidgety conduct and touching of clothing.”). Similarly, failure to produce identification is a factor that may contribute to a finding of probable cause, but failure to produce identification is not necessarily sufficient to establish probable cause. See Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1094-95 (9th Cir.2006). Here, as an alien illegally present in this country who had just been stopped by CBP, Garcia-Rivas would of course be nervous, and it is not surprising that he would be unable or unwilling to produce identification, whether he had committed a crime or not. Given that CBP knew that Garcia-Rivas was in the country illegally at any possible time of arrest, Garcia-Rivas’s nervous behavior and failure to produce identification should not have suggested to CBP at the time of arrest that Garcia-Rivas had committed a crime.
The district court erred in holding that Garcia-Rivas’s admission of illegal presence, his nervous behavior, and his refusal to produce identification gave CBP probable cause to suspect criminal activity.
Thus, we vacate the district court’s decision with regard to probable cause. Be *510 cause the district court held that Garcia-Rivas’s admission of illegal presence, his nervous behavior, and his refusal to produce identification during his initial conversation with the CBP satisfied the probable cause requirement, the district court did not need to determine when Garcia-Rivas was actually arrested. We leave this determination, along with consideration of whether there may have been probable cause to suspect criminal activity at the time of arrest due to facts other than those discussed above, to the district court on remand. Assuming there was not probable cause at the time of arrest, the district court will also need to determine the impact of the lack of probable cause on the inclusion of the evidence presented in support of Garcia-Rivas’s conviction, and ultimately on the conviction itself.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Federal immigration officers have the power to arrest an alien without probable cause to suspect criminal activity if they "believe that the alien so arrested is in the United States in violation of any ... law or regulation [regulating the admission, exclusion, expulsion, or removal of aliens] and is likely to escape before a warrant can be obtained for [the alien's] arrest” pursuant to 8 U.S.C. *509 § 1357(a)(2). Because the Government did not argue until its petition for rehearing that the arrest here was legal based on this statutory provision, that argument is waived. See Boardman v. Estelle, 957 F.2d 1523, 1535 (9th Cir.1992). The Government apparently did not raise this argument before the district court either. We offer no view on whether the Government may raise this argument on remand.