NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-50243 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00660-DSF-1 |
| v. | |
| TARCISIO VALENCIA-BARRAGAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted June 4, 2020
Pasadena, California

Before:  CALLAHAN and NGUYEN, Circuit Judges, and KANE,** District Judge.

Tarcisio Valencia-Barragan appeals his conviction for being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(9) on the bases that the

district court erroneously denied his motion to suppress evidence and statements

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Yvette Kane, United States District Judge for the
Middle District of Pennsylvania, sitting by designation.

and that his conviction violates *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's denial of a suppression motion *de novo* while reviewing the district court's factual findings for clear error. *See, e.g.*, *United States v. Schram*, 901 F.3d 1042, 1044 (9th Cir. 2018) (citing *United States v. Cunag*, 386 F.3d 888, 893 (9th Cir. 2004)). We address Valencia's contentions in turn, and we affirm Valencia's conviction.

1. Valencia first challenges the district court's denial of his motion to suppress the firearm recovered from his vehicle upon his arrest. Specifically, Valencia argues that the district court erred in holding that, regardless of the constitutionality of his seizure by police, Valencia's subsequent flight from law enforcement constituted an intervening act that purged the taint from any prior illegality under *United States v. Garcia*, 516 F.2d 318 (9th Cir. 1975). We need not address Valencia's arguments regarding the constitutionality of the vehicle stop because the district court correctly denied his motion to suppress on the ground that his flight from the officers attenuated any prior illegality.

The district court was correct in finding that *Garcia* and related authority were applicable to the facts of this case, where the video footage makes clear that the officers were attempting to physically restrain Valencia using handcuffs at the

---

[1] Valencia pled guilty to the Section 922(g)(9) charge but reserved his right to appeal the district court's denial of his suppression motion.

18-50243

time he fled. *See Garcia*, 516 F.2d at 319; *see also United States v. McClendon*, 713 F.3d 1211, 1218 (9th Cir. 2013). Moreover, as the district court aptly noted, Valencia fled under circumstances that posed a danger to the surrounding community that justified his eventual arrest. Therefore, the district court did not err in denying Valencia's motion to suppress the firearm.

2. Valencia also challenges the district court's denial of his motion to suppress statements made to law enforcement after his arrest on the basis that the statements were made in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). We review the adequacy of *Miranda* warnings *de novo*. *See United States v. San Juan-Cruz*, 314 F.3d 384, 387 (9th Cir. 2002). "In order to be valid, a *Miranda* warning must convey *clearly* to the arrested party that he or she possesses the right to have an attorney present prior to and during questioning." *Id.* at 388 (citing *United States v. Connell*, 869 F.2d 1349, 1353 (9th Cir. 1989)). "The warning also must make clear that if the arrested party would like to retain an attorney but cannot afford one, the Government is obligated to appoint an attorney for free." *Id.* (citing *Connell*, 869 F.2d at 1353). "The translation of a suspect's *Miranda* rights need not be a perfect one, so long as the defendant understands that he does not need to speak to the police and that any statement he makes may be used against him." *United States v. Perez-Lopez*, 348 F.3d 839, 848 (9th Cir. 2003) (quoting *United States v. Hernandez*, 913 F.2d 1506, 1510 (10th

Cir. 1990)). Valencia appears to take issue only with the fact that the agent who questioned him omitted the word "and" when relating to Valencia that he had the right to counsel "before, during the questions."[2] We conclude that this omission is immaterial because, when viewed in its entirety, the warning was not misleading or confusing. *See id.*; *see also United States v. Loucious*, 847 F.3d 1146, 1151 (9th Cir. 2017). Accordingly, we affirm the district court's denial of Valencia's motion to suppress statements.

3.     Finally, Valencia challenges the validity of his conviction on the basis that under *Rehaif,* the Government was required to prove both that he possessed the firearm and ammunition in question and that he knew he was prohibited from doing so based on his status of having previously been convicted of a misdemeanor crime of domestic violence. We review this question for plain error. *See United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019). Accordingly, Valencia must establish an "(1) error, (2) that is plain, (3) that affect[s] substantial rights," and "(4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *See United States v. Gadson*, 763 F.3d 1189, 1203 (9th Cir. 2014) (alterations in original) (quoting *United States v. Cotton,* 535 U.S. 625, 631 (2002)).

---

[2] Valencia also argues that the agent failed to adequately advise him that if he could not afford an attorney, the Government would appoint him one free of charge. We find no merit in this argument.

Valencia fails to meet this standard for two reasons. First, the record does not establish a reasonable probability that he would have persisted in a not guilty plea were it not for the alleged error. Second, Valencia cannot establish plain error in light of the fact that he was convicted of the relevant misdemeanor domestic violence offense in 2013, approximately five (5) years before possessing the firearm at issue in this case, and he completed a treatment program for domestic violence offenders following his conviction. *See Benamor*, 937 F.3d at 1189. Valencia's conviction is **AFFIRMED**.[3]

---

[3] We grant the Government's motion to take judicial notice of certain conviction-related documents for purposes of Valencia's *Rehaif*-based claim.