NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50068 |
| Plaintiff-Appellee, | D.C. No.<br>3:20-mj-04538-AHG-TWR-1 |
| v. | |
| GUSTAVO LAZCANO-NERIA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted February 14, 2024
Pasadena, California

Before: W. FLETCHER, NGUYEN, and LEE, Circuit Judges.
Dissent by Judge W. FLETCHER.

Gustavo Lazcano-Neria ("Lazcano-Neria") was convicted of "illegal entry"

under 8 U.S.C. § 1325(a)(1) on the basis of a post-arrest statement and other

evidence. Lazcano-Neria appeals the trial court's admission of his post-arrest

statement and also challenges the constitutionality of § 1325. We have jurisdiction

under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"The adequacy of a *Miranda* warning is a question of law that is reviewed de novo." *United States v. San Juan-Cruz*, 314 F.3d 384, 387 (9th Cir. 2002). "Whether the waiver was knowing and intelligent is a question of fact that we review for clear error." *United States v. Price*, 980 F.3d 1211, 1226 (9th Cir. 2019) (quoting *United States v. Rodriguez-Preciado*, 399 F.3d 1118, 1127 (9th Cir. 2005) (citation omitted), *amended by* 416 F.3d 939 (9th Cir. 2005)).

1. An adequate *Miranda* advisal must warn, among other things, of "the right to remain silent [and] the right to the presence of an attorney." *Florida. v. Powell*, 559 U.S. 50, 59–60 (2010) (quoting *Miranda v. Arizona*, 384 U.S. 436, 479 (1966)). The warning must "reasonably convey" the rights to the defendant, *Duckworth v. Eagan*, 492 U.S. 195, 203 (1989) (cleaned up), and the wording "cannot be affirmatively misleading," *San Juan-Cruz*, 314 F.3d at 387.

Lazcano-Neria first argues that Border Patrol Agent Christian Rivas's statement that "you don't want to answer questions, you don't answer them . . . until you have your attorney," incorrectly suggested that Lazcano-Neria's right to silence ends once he has an attorney. But before and after making that statement, Agent Rivas correctly read a standard form *Miranda* advisal to Lazcano-Neria, which warned Lazcano-Neria that he has "the right to remain silent," that if he begins answering questions without an attorney, he "will

[always/still] have the right to stop answering whenever [he] like[s],"[1] and that he has "the right to stop answering whenever [he] like[s], until you are able to speak with an attorney." Rivas's statement sufficiently reflected the warning in the form advisal, such that "taken together [they] conveyed" that Lazcano-Neria's right to remain silent did not extinguish with the appointment of counsel. *United States v. Loucious*, 847 F.3d 1146, 1151 (9th Cir. 2017).

Lazcano-Neria also argues that Agent Rivas mislead him as to his right to "selectively" waive *Miranda* rights, *see United States v. Soliz*, 129 F.3d 499, 503 (9th Cir. 1997), *overruled on other grounds by United States v. Johnson*, 256 F.3d 895 (9th Cir. 2001) ("A defendant may selectively waive his *Miranda* rights by agreeing to answer some questions but not others."), when Agent Rivas responded negatively—"No . . . that can't be . . . [chosen/selected]"—to Lazcano-Neria's question regarding a scenario where "I do answer it, and maybe, the next time, I don't." But to the extent Agent Rivas's answer was misleading, Agent Rivas immediately clarified by suggesting that it was "better" to reread the form advisal, and he proceeded to do so "one more time, for you to understand [it] well."[2] *Cf.*

---

[1] This transcription and translation were provided by the defendant during the bench trial. The brackets appear in the original translation where the translator felt alternative translations were possible.

[2] We share the dissent's position that a misstatement of the law requires correction. *San Juan-Cruz*, 314 F.3d at 389. But we view Rivas's statements as providing that correction: Rivas clarified that the form advisal was "better." This applies with

3

*San Juan-Cruz*, 314 F.3d at 389 (finding a *Miranda* violation when the agent provided a warning not consistent with *Miranda*, and did not "clarify to the arrested party the nature of his or her rights"). Thus, the second reading of the *Miranda* form advisal clarified that Lazcano-Neria could control the timing and extent of questioning.

2. Lazcano-Neria's waiver of his *Miranda* rights was knowing and intelligent. Factors relevant to this determination include "whether the defendant signed a written waiver[,] . . . whether the defendant was advised in his native tongue[,] . . . whether the defendant appeared to understand his rights[,] . . . [and] whether the defendant's rights were individually and repeatedly explained to him." *United States v. Crews*, 502 F.3d 1130, 1140 (9th Cir. 2007). The district court did not clearly err in determining Lazcano-Neria's waiver was knowing and intelligent, where the interview was conducted in Spanish, the advisal was read twice, after the second *Miranda* form advisal Lazcano-Neria did not ask similar questions about his right to remain silent, and he signed a written waiver.

3. Finally, while Lazcano-Neria argued in his opening brief that 8 U.S.C. § 1325 is unconstitutional because it violates equal protection, Lazcano-

---

equal force to the first alleged incorrect statement; while, contrary to the dissent's characterization, we do not view the statement "you don't want to answer questions, you don't answer them . . . until you have your attorney," as incorrect taken together with the form advisal, even if it were incorrect, Rivas clarified which standard was appropriate before his second reading of the form advisal.

4

Neria now concedes the Ninth Circuit's subsequent decision in *United States v. Carrillo-Lopez*, 68 F.4th 1133 (9th Cir. 2023) forecloses this argument.

**AFFIRMED.**

*Lazcano-Neria*, No. 22-50068

W. Fletcher, J., dissenting.

I respectfully but strongly disagree with my colleagues' conclusion that Lazcano-Neria's post-arrest statement was properly admitted into evidence. Before Lazcano-Neria made that statement, Agent Rivas had incorrectly advised him of his *Miranda* rights.

It is black-letter law that a *Miranda* advisal "cannot be affirmatively misleading." *United States v. San Juan-Cruz*, 314 F.3d 384, 387 (9th Cir. 2002). We have held that "[r]egardless of circumstance, the *Miranda* warning must be read and conveyed to all persons clearly and in a manner that is unambiguous." *Id.* at 389. *Miranda* requires "meaningful advice to the unlettered and unlearned in language which [they] can comprehend and on which [they] can knowingly act." *United States v. Connell*, 869 F.2d 1349, 1351 (9th Cir. 1989) (alteration in original).

Agent Rivas read a form *Miranda* advisal to Lazcano-Neria. Lazcano-Neria then asked Rivas questions about his *Miranda* rights. Rivas gave two legally incorrect answers. First, he told Lazcano-Neria that he would not have to answer questions until his attorney was present. This answer necessarily implied that once his attorney was present, Lazcano-Neria would be required to answer questions.

1

Second, he told Lazcano-Neria that he could not answer questions selectively, answering some and refusing to answer others.

Here is the full exchange between Agent Rivas and Lazcano-Neria (translated into English):

> Lazcano-Neria:  I have a question.
> Agent Rivas:  [Tell me/Go ahead.]
> Lazcano-Neria:  Um, in other words, if one question, I don't want to answer it, I don't answer it?
> Agent Rivas:  Yes, so, you don't want to answer questions, you don't answer them—
> Lazcano-Neria:  —but—
> Agent Rivas:   —until you have your attorney.
> Lazcano-Neria:  I'm referring . . . to all of them?  Or . . . or, for example, you guys ask me, I don't know, "Hey, so this is like this or like that?"  And the—
> Agent Rivas:   —No, well—
> Lazcano-Neria:   —I don't . . . I do answer it, and maybe the next time, I don't—
> Agent Rivas:   —No, it's that, that can't , that can't be . . . [chosen/selected].
> Lazcano-Neria:  Ah, that's what—
> Agent Rivas:   —*That's why, it's better, but, I'm going to read it to you one more time, for you to understand [it] well.*

(Emphasis added.)

The panel majority does not dispute that Agent Rivas's answers to Lazcano-Neria's questions were incorrect.  However, the panel majority concludes that when Agent Rivas re-read the form *Miranda* advisal, he made to clear to Lazcano-Neria that his answers had been incorrect.  The panel majority concludes that after

2

giving his incorrect answers "Rivas clarified that the form advisal was 'better.'" Mem. Dispo. at 4, n.2. I strongly disagree.

First, as is evident from the exchange quoted above, Agent Rivas did not "clarify" that the form advisal was "better." Mem. Dispo. at 4, n.2. He used the word "better," but he did not say that the form advisal was "better" than his answers. Second, even if Agent Rivas had clarified that the form advisal was "better" (which he did not), the form advisal was not, in fact, "better." The form advisal did not answer Lazcano-Neria's two questions. Agent Rivas had answered those questions, and he had answered them incorrectly. There was nothing in the form advisal that contradicted Agent Rivas's answers.

Even if the re-reading of the advisal had addressed Lazcano-Neria's questions and had contradicted Agent Rivas's misstatements (which it did not), that would not have cured the problem. In that event, Lazcano-Neria would have heard contradictory statements. We have held that the government cannot presume after giving "two sets of contradictory warnings to an individual that [the Defendant] possesses sufficient legal or constitutional expertise to understand what are his or her rights under the Constitution." *San Juan–Cruz*, 314 F.3d at 388. Once Rivas misstated the law, he had the obligation to correct—not merely to contradict—his misstatements.

3

The error was not harmless.  In finding Lazcano-Neria guilty, the Magistrate Judge relied on statements he made after Agent Rivas's improper *Miranda* advisal.

Because Agent Rivas's *Miranda* advisal—the form advisal supplemented by Agent Rivas's incorrect answers—was not "meaningful advice to the unlettered and unlearned in language which [they] can comprehend and on which [they] can knowingly act," I respectfully but strongly dissent.  *Connell*, 869 F.2d at 1351.