NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1448 |
| Plaintiff - Appellee, | D.C. No. 3:19-mj-23353-WVG-BTM-1 |
| v. | MEMORANDUM[*] |
| ARTURO NAVARRO-ZUNIGA, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Submitted February 4, 2025[**]
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.

Arturo Navarro-Zuniga appeals his misdemeanor conviction for attempted illegal entry into the United States, in violation of 8 U.S.C. § 1325. He argues that the magistrate judge erred in denying his motions to suppress his confessions. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On appeal from a district court's order affirming a conviction, we review the magistrate judge's decision directly, giving no deference to the district court. *See United States v. Stanton*, 501 F.3d 1093, 1099–1101 (9th Cir. 2007). "We review the adequacy of *Miranda* warnings de novo." *United States v. Gonzalez-Godinez*, 89 F.4th 1205, 1208 (9th Cir. 2024). We review for clear error a determination that Border Patrol agents did not deliberately engage in an impermissible two-step interrogation. *United States v. Narvaez-Gomez*, 489 F.3d 970, 974 (9th Cir. 2007).

1. The agent gave Navarro-Zuniga an adequate warning under *Miranda v. Arizona* before questioning him after his arrest and booking interview. 384 U.S. 436 (1966); *see United States v. Miguel*, 952 F.2d 285, 288 (9th Cir. 1991). Although a warning communicating the right to counsel requires no "'talismanic incantation,'" it cannot be "equivocal and open to misinterpretation." *United States v. Connell*, 869 F.2d 1349, 1351, 1353 (9th Cir. 1989) (quoting *California v. Prysock*, 453 U.S. 355, 359 (1981) (per curiam)).

Navarro-Zuniga argues that his *Miranda* warning was impermissibly equivocal because he was told (in Spanish) that if he did not have the money to hire an attorney, he "can"—rather than "will"—be appointed one if he "so wish[es]." Because the magistrate judge did not make a factual finding as to whether the Spanish words used in the warning meant "can" or "will" in context,

we assume without deciding that they meant "can." Even so, the warning here was adequate. In *Miguel*, we approved a *Miranda* warning telling the suspect that he "may" have an attorney appointed. 952 F.2d at 288. In this context, "can" and "may" are synonymous. And here, unlike in *Miguel*, the word indicating possibility was accompanied by "if you so wish," emphasizing that Navarro-Zuniga needed only to express his desire for counsel to trigger his right.

Navarro-Zuniga also argues that the warning was "affirmatively misleading" because it was accompanied by an advisement of consular rights that suggested it was up to the Mexican government to help him find a lawyer. *United States v. San Juan-Cruz*, 314 F.3d 384, 387 (9th Cir. 2002). But if "there was no clear conflict between the two warnings," then the *Miranda* warning was "not 'affirmatively misleading.'" *Gonzalez-Godinez*, 89 F.4th at 1209 (quoting *San Juan-Cruz*, 314 F.3d at 387). There was no conflict between the consular warning that "[a]mong other things a consular officer of your country can help you obtain legal counsel" and the *Miranda* warning that Navarro-Zuniga could have counsel appointed if he so wished. *See Connell*, 869 F.2d at 1352–53 (combination of oral warning that "a lawyer may be appointed to represent you" and written warning that "you must make your own arrangements to obtain a lawyer and this will be at no expense to the government" was "affirmatively misleading").

2. The magistrate judge did not clearly err in determining that the agents did

not deliberately engage in a two-step interrogation. *See Narvaez-Gomez*, 489 F.3d at 974. In analyzing whether a two-step interrogation was "deliberate," we consider "objective evidence and any available subjective evidence." *Id.* (quoting *United States v. Williams*, 435 F.3d 1148, 1158 (9th Cir. 2006)). "Objective evidence includes 'the timing, setting and completeness of the prewarning interrogation, the continuity of police personnel and the overlapping content of the pre- and post-warning statements.'" *Id.* (quoting *Williams*, 435 F.3d at 1159).

The magistrate judge correctly noted the "causal disconnection between the" pre- and post-warning interviews. The interviews occurred at least two hours apart, there is no indication that they occurred in the same room, and the pre-warning interview was a brief booking interview that did not cover where, how, and why Navarro-Zuniga entered the United States. And the agent who conducted the post-warning interview had not even started his shift when the booking interview occurred. Although Navarro-Zuniga correctly points to substantial overlap in the content of the pre- and post-warning interviews, the magistrate judge's determination was not "illogical, implausible, or without support in the record." *United States v. Fitch*, 659 F.3d 788, 797 (9th Cir. 2011) (quoting *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010)).

3. We do not reach the question of whether Navarro-Zuniga's pre-arrest confession should have been suppressed. Even assuming that Navarro-Zuniga's

pre-arrest confession must be suppressed, extrinsic evidence supports his valid post-booking confession, thereby satisfying the *corpus delicti* requirement. *See Gonzalez-Godinez*, 89 F.4th at 1210–11. An agent found Navarro-Zuniga hiding under a bush in a remote area near the border that is inaccessible to the public and commonly used for unlawful entry. He did not possess any recreational items. Navarro-Zuniga was also with someone who fled as soon as the agent approached.

**AFFIRMED.**